GREGORY J. RAMIREZ (Bar No. 150515)
KATHERINE A. WINDER (Bar No. 247831)
JAMES PERERO (Bar No. 258124)
JESSICA ARCINIEGA (Bar No. 261169)
**WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.**
300 E. Esplanade Drive, Suite 1960
Oxnard, California 93036-0284
Telephone: (805) 988-0285
Facsimile: (805) 988-0375

MELISSA M. HARNETT (Bar No. 164309)
GREG SCARLETT (Bar No. 131486)
**WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.**
5567 Reseda Boulevard, Suite 330
Post Office Box 7033
Tarzana, California 91357-7033
Telephone: (818) 705-6800
Facsimile: (818) 996-8266

MARCOS CAMACHO, ESQ ( SBN 123501)
THOMAS PATRICK LYNCH, ESQ. (SBN 159277)
**LAW OFFICES OF MARCOS CAMACHO**
1227 California Avenue
Bakersfield, CA 93304
Telephone (661) 324-8100
Facsimile (661) 324-8103

Attorneys for Plaintiffs, Sabas Arredondo, et. al.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| SABAS ARREDONDO, JOSE CUEVAS, HILARIO GOMEZ, IRMA LANDEROS and ROSALBA LANDEROS individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br> vs.<br><br>DELANO FARMS COMPANY, a Washington State Corporation; CAL-PACIFIC FARM MANAGEMENT, L.P.; T&R BANGI'S AGRICULTURAL SERVICES, INC. and DOES 1 through 10, inclusive,<br><br>   Defendants. | CASE NO. 1:09-CV-01247-LJO-DLB<br><br>**STIPULATION FOR PROTECTIVE ORDER AND ORDER** |

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
300 E. ESPLANADE DRIVE, SUITE 1960
OXNARD, CALIFORNIA 93036-0284

This stipulation is entered into between Plaintiffs SABAS ARREDONDO, JOSE CUEVAS, HILARIO GOMEZ, IRMA LANDEROS and ROSALBA LANDEROS, on behalf of themselves and other similarly situated ("Plaintiffs"), and by and through their counsel of record herein, and Defendants DELANO FARMS COMPANY, CAL-PACIFIC FARM MANAGEMENT, L.P. and T&R BANGI'S AGRICULTURAL SERVICES, INC. ("Defendants"), by and through their counsel of record herein.

WHEREAS, the parties and Court desire to protect documents and information entitled to be kept confidential, facilitate the prompt resolution of disputes over confidentiality, and to ensure equal and fair access to case information and communications;

NOW THEREFORE, IT IS HEREBY STIPULATED and agreed by and between the parties to this action and their respective counsel and subject to the approval of this Court, that the following protective order be entered into in this action.

1. Any documents produced are to be used only for litigation purposes.

**Use of Material**

2. All MATERIAL, including any writing or communication reproducing, paraphrasing, or otherwise disclosing such information, shall not be shown or disclosed to any person by the receiving party except to the following persons:

(A) The parties to this action;

(B) The attorneys of record for such parties, including in-house counsel, including the partners, associates, and stenographic, secretarial, paralegal, clerical and other employees of such counsel;

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
300 E. ESPLANADE DRIVE, SUITE 1960
OXNARD, CALIFORNIA 93036-0284

(C) The independent experts or consultants retained or consulted by such parties, including the partners, associates, and stenographic, secretarial, paralegal, clerical and other employees of such expert or consultant;

(D) Any person who is reasonably anticipated to be a witness at deposition or trial where the MATERIAL is reasonably anticipated to relate to the testimony of such witness;

(E) The Court and related officials involved in this litigation, including judges, commissioners, referees, arbitrators, jurors, and other Court personnel;

(F) Court reporters and videographers hired in connection with this litigation and their regularly employed office staff to whom it is reasonably appropriate that the material be shown for purposes of this litigation and to reputable outside duplicating services known to and generally used by counsel of record; and

(G) Any person designated by the Court in the interest of justice, upon such terms as the Court deems proper.

Before any person listed in paragraph (6)(A), (B), (C), (D) and (F) receive any material that person shall:

(a) be advised of this Order;

(b) be directed to use such material only for purposes in connection with this litigation; and,

(c) be directed to refrain from disclosing or discussing such material with any person other than those already subject to the terms of this Order and

In addition, before any person listed in Paragraph 6(C) or (D) receives any MATERIAL, that person shall also

(d) execute the Nondisclosure Agreement attached hereto as Attachment A. The original of the executed Nondisclosure Agreement shall be maintained by the party providing such person with the MATERIAL. Upon resolution of this action, each party will ensure that all such persons return all MATERIAL to counsel for the party who

provided such materials for return to opposing counsel or destruction.

**No Disclosure of Social Security Numbers:**

3. Under this Protective Order, documents and information revealing the Social Security Numbers of past or current employees of Defendants shall be deemed confidential. The parties agree that where practicable social security numbers shall be redacted and further agree the employee identification numbers used for the purposes of the litigation will be based on employee numbers other than social security numbers (e.g. employee badge or employer ID numbers).

**No Disclosure to the United Farm Workers of America ("UFW")**

4. No disclosure of information shall be made directly or indirectly to the UFW for any reason, or to any other entity for any purposes.

**Other Restrictions**

5. Neither the taking of any action in accordance with the provisions of this Order, nor the failure to object thereto shall be construed as a waiver of any claim or defense in this action. Moreover, the failure to designate information in accordance with this Order and the failure to object to a designation at a given time shall not preclude a designation at a later date or the filing of a motion at a later date seeking to challenge such later designation. The entry of this Order shall neither be construed as a waiver of any right to object to the furnishing of information in response to discovery nor relieve any party of the obligation of producing information in the course of discovery.

**Disposition of Material Upon Termination of Case**

6. This Order shall survive the final termination of this action, to the extent that the information contained in MATERIAL is not or does not become known to the public,

and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

7. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts and all copies of same, or shall certify the destruction thereof, in writing.

8. Nothing in this Order shall be construed as requiring disclosure of privileged materials, materials subject to protection under the attorney work product doctrine, or materials that are otherwise beyond the scope of permissible discovery. Nothing in this Order shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial or be a waiver by a party of any objection that might be raised as to the admissibility of any evidentiary materials.

This Protective Order may be supplemented and/or amended by the parties upon an appropriate showing to the Court or on the Court's own motion.

THE FOREGOING IS STIPULATED AND AGREED TO BY:

DATED: March ___, 2010

**WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.**
GREGORY J. RAMIREZ, ESQ.
KATHERINE A. WINDER, ESQ.
JESSICA ARCINIEGA, ESQ.
MELISSA M. HARNETT, ESQ.
GREGORY SCARLETT, ESQ.

**LAW OFFICES OF MARCOS CAMACHO**
MARCOS CAMACHO, ESQ
THOMAS PATRICK LYNCH. ESO.


By: /S/ GREGORY J. RAMIREZ
Attorneys for Plaintiffs, Sabas Arredondo, et. al.

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
300 E. ESPLANADE DRIVE, SUITE 1960
OXNARD, CALIFORNIA 93036-0284

| | |
|---|---|
| DATED: March ___, 2010 | **GRISWOLD, LASALLE, COBB, DOWD & GIN, L.L.P.**<br>RANDY L. EDWARDS, ESQ.<br>MICHAEL R. JOHNSON. ESQ. |
| | By: /S/ MICHAEL R. JOHNSON<br>Attorneys for Defendants, Delano Farms Company, et al. |

## ORDER

For good cause shown, IT IS HEREBY ORDERED that the parties shall produce, lodge and file documents in accordance with the Stipulation for Protective Order.

**IT IS SO ORDERED.**

DATED: March 13, 2010 /s/ *Dennis L. Beck*
Magistrate Judge Dennis L. Beck

# EXHIBIT A
# NONDISCLOSURE AGREEMENT

I _____, do solemnly swear that I am fully familiar with the terms of the Stipulation for Protective Order and Order entered into between plaintiffs Sabas Arredondo, Jose Cuevas, Hilario Gomez, Irma Landeros and Rosalba Landeros and defendants Delano Farms Company, Cal-Pacific Farm Management, LP and T&R Bangi's Agricultural Services, Inc. and their respective counsel in the action entitled Arredondo, et al. v. Delano Farms Company, Inc. et al., United States District Court, Eastern District of California, Case No. 1:09-CV-01247-LJO-DLB, and I do hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: _____

Signature: _____