# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SABAS ARRENDONDO, et al., | ) | 1:09cv01247 LJO DLB |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART PLAINTIFFS' MOTION |
| v. | ) | TO COMPEL |
| | ) | (Document 26) |
| DELANO FARMS CO., et al., | ) | |
| | ) | ORDER REGARDING DEFENDANTS' |
| | ) | MOTION TO QUASH |
| Defendants. | ) | (Document 27) |
| | ) | |

On April 28 and 30, 2010, the parties filed the instant discovery motions. The motions were heard on May 28, 2010, before the Honorable Dennis L. Beck, United States Magistrate Judge. Gregory Ramirez appeared on behalf of Plaintiffs Sabas Arrendondo, Jose Cuevas, Hilario Gomez, Irma Landeros and Rosalba Landeros, individually and on behalf of all others similarly situated ("Named Plaintiffs"). Michael Johnson appeared on behalf of Defendants Delano Farms Co., Cal-Pacific Farm Management, L.P., and T&R Bangi's Agricultural Services, Inc.

## **BACKGROUND**

On July 17, 2009, five Named Plaintiffs filed this action against Defendants, alleging causes of action under both federal and state law based on allegations that they were not compensated for all time worked. The Named Plaintiffs are seasonal, agricultural workers who worked in agricultural fields and packing sheds owned by Defendant Delano Farms. Defendants Cal-Pacific Management and T&R Bangi are farm labor contractors working with Delano Farm

1

1  to provide its labor force.  The agreement between the entities has always been an oral

2  agreement.

3        The deadline to file a motion for class certification is August 10, 2010, and discovery is

4  currently limited to class certification issues.[1]  The Named Plaintiffs define the class as:

5      All persons who are employed or have been employed, and who have worked one or
    more shifts as non-exempt hourly and/or piece rate workers for DELANO FARMS
6      COMPANY, CAL-PACIFIC FARM MANAGEMENT, L.P. AND/OR T&R BANGI AG
    SERVICES, INC., in the State of California from four (4) years prior to the filing of this
7      action.

8        The Named Plaintiffs filed the instant motion to compel on April 28, 2010.  At issue are

9  Requests for Production of Documents, Set One, served on each Defendant in conjunction with

10  the January 19, 2010, Notices to Take the Deposition of Defendants' Persons Most

11  Knowledgeable ("PMK").  The parties filed their joint statement on May 21, 2010.

12        Defendants filed the related motion to quash on April 30, 2010.  Defendants seek to

13  quash the Subpoena Duces Tecum served on Monterey Insurance Company in connection with

14  the Notice of Deposition of Custodian of Records for Monterey Insurance.  Defendants also seek

15  to quash the Subpoena to Testify served on Monterey Insurance in connection with the Notice of

16  Deposition of Monterey Insurance's Person Most Knowledgeable.  Plaintiffs filed their

17  opposition on May 14, 2010.  Defendants did not file a reply.

18                                  **DISCUSSION**

19  A.    <u>Legal Standard</u>

20        Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery

21  regarding any matter, not privileged, that is relevant to the claim or defense of any party,

22  including the existence, description, nature, custody, condition, and location of any books,

23  documents, or other tangible things and the identity and location of persons having knowledge of

24  any discoverable matter."

25

26

---

27      [1] From the information in the Joint Statement, it appeared that all discovery was limited to class certification
issues.  At the hearing, however, Plaintiffs stated that only depositions were limited to certification issues.
28  Defendants did not object to this characterization.

B.     Motion to Compel Production of Documents

    1.     Definition of Covered Employees as it Relates to Delano Farms- Numbers 1-5, 8, 11-14, 16, 21-24

Defendants object to producing records for all covered employees, i.e., employees who may fit the class definition, prior to the certification of a class.[2] Despite Defendants' objection, such information is relevant to subclass issues during the class certification process. In fact, Defendants confirmed that they will be opposing certification in part on the basis that the assessment of each member is an intensely individual calculation. Information relating to all potential class members will assist Plaintiffs in contesting this argument. Thus, to the extent the Court does not specifically limit a response, Defendants shall produce responsive documents for all potential class members.

Defendants also argue that Delano Farms does not have to produce any documents because it does not actually employ any of the Named Plaintiffs or any covered employee. Whether or not Delano Farms is an employer, the fact remains that it either has the requested documents or it does not. Delano Farms is therefore required to respond to all interrogatories identified by this order. If it does not have the requested documents, it shall so state.

With these standards in mind, the Court will address each individual request.

    2.     Requests Relating to Putative Class Members' Time Records, Wages and Reimbursement of Tools- Numbers 1, 3, 4, 11, 12 and 21

Defendants object to these requests, in part, as unduly burdensome based on their employment of over 3,600 workers. Depending on how such records are stored, however, it may not be as burdensome as Defendants suggest. At the hearing, counsel for Defendants confirmed that beginning in either 2005 or 2006, the payroll system became computerized. Given that records can be searched relatively easily on a computer, this request is not unduly burdensome.

---

[2] Plaintiffs confirmed that the terms Covered Employee, Potential Class Member and Putative Class Member share the same definition. The terms are used interchangeably throughout this order.

*Number 1*

To the extent that the requested information is stored on a computer, Defendants SHALL produce the information for all covered employees. As to Defendant Delano Farms, this request includes invoices, as well.

*Numbers 3 and 4*

These requests are extraordinarily broad and Plaintiffs' motion is therefore DENIED.

*Numbers 11 and 12*

These requests are straightforward and should not be difficult to answer. Defendants have identified eleven witness in their initial disclosures. Defendants' counsel indicated that this may be a complete disclosure. However, Defendants SHALL supplement these responses to either provide additional responsive information or confirm that no further witnesses exist.

*Number 21*

Defendants have indicated that not all requested information exists. For example, Defendants do not have electronic "swipe cards" or "key punch" codes used to log time. Nonetheless, the computer records may be responsive insofar as they show gross hours worked and amounts paid. Defendants SHALL therefore produce responsive documents. Defendants SHALL also (1) indicate whether the records produced are substantially similar to all records; and (2) specify which records do not exist.

3.     Request for Production Number 2

As discussed at the hearing, computer records produced for other requests will likely be responsive to this request as well. Defendants SHALL therefore produce responsive documents.

4.     Request for Production Numbers 5, 10, 13 and 14

*Numbers 5, 10, 13, 14*

These requests may also be answered by computer records produced for other requests. Defendants SHALL therefore produce responsive documents.

5.     Request Number 6

This request, seeking all documents that Defendants claim may impeach the credibility of any Named Plaintiff, is strikingly broad. Plaintiffs' motion is therefore DENIED.

4

6. Requests Numbers 7, 8, 16 and 17

For each of these requests, Defendants have indicated that they have produced all responsive documents. Defendants SHALL therefore provide a statement that they have produced all responsive documents in their custody, possession or control.

7. Request Number 9

This request seeks all documents supporting Defendants' affirmative defenses. The request is overly broad and Plaintiffs' motion is therefore DENIED.

8. Request Number 15

Defendants have indicated that they have provided responsive documents for the five Named Plaintiffs and the 52 identified employees. Defendants have further indicated that the responsive documents are accurate samples of documents covering all potential class members. When Defendants can confirm this, they SHALL so state in a supplemental response.

9. Request Number 18

Number 18 seeks documents sufficient to establish Defendants' profits earned since July 15, 2005. Plaintiffs contend that this information is relevant to examining the relationship between the three Defendants. Defendants object to producing documents, arguing that information related to profits is not relevant.

Indeed, the Court questions whether Defendants' profits need to be disclosed. At the hearing, Plaintiffs explained that information related to Defendants' labor costs should allow them to perform the necessary calculations. Defendants believe that the computer records produced for other requests should allow Plaintiffs to calculate labor costs. Therefore, at this time, the Court GRANTS this requests only to the extent that computer records produced will allow Plaintiffs to make the necessary calculations.

10. Requests Numbers 19 and 20

These requests seek information related to document compilation and retention policies. Defendants have agreed that they will produce responsive information to the extent such information exists. The motion is therefore GRANTED.

11.     Request Number 22

Number 22 seeks documents related to the criteria under which job performance is evaluated for Covered Employees. Defendants have produced information relating to the Named Plaintiffs and 52 other employees and object to providing information for all potential class members.

Plaintiffs explain that they seek this information to evaluate how the employees' piecemeal rates are calculated. As it appears that this information can be deduced from the produced records, Plaintiffs have agreed to accept Defendants' production at this time. The motion is therefore DENIED.

12.     Request Numbers 23 and 24

These requests seek all documents provided to Covered Employees for their signature, including documents acknowledging their receipt of tools. Plaintiffs indicated at the hearing that they would accept responsive documents for the Named Plaintiffs and the 52 other employees, along with a representation the documents are substantially similar to those for all potential class members. Defendants SHALL therefore produce this information.

13.     Request Numbers 25, 26, 27 and 28

Requests 25, 26, 27 and 28 seek documents relating to the relationship between Defendants. Although all of the requests at issue in this motion were made in conjunction with the noticed depositions and Defendants nonetheless provided responses to many, Defendants now object to 25, 26, 27 and 28 solely on the basis that they are outside the scope of the depositions. The Court need not decide the issue, however, as Plaintiffs have indicated that they will seek the information pursuant to Requests for Production of Documents. Indeed, the requested information appears relevant and discoverable to the extent the documents relate to the relationship between Defendants.

C.     Motion to Quash Subpoenas

Defendants seek to quash the Subpoena Duces Tecum served on Monterey Insurance Company in connection with the Notice of Deposition of Custodian of Records for Monterey Insurance. Defendants also seek to quash the Subpoena to Testify served on Monterey Insurance

1  in connection with the Notice of Deposition of Monterey Insurance's PMK.

2      The depositions went forward on May 3, 2010, and prior to the production of documents
3  by Monterey Insurance's PMK, Defendants' counsel redacted what he considered to be
4  confidential commercial information.  Declaration of James E. Perero, ¶ 6.

5      At the hearing, the parties agreed that the motion is moot except to the extent the issues
6  are affected by the Court's ruling on Plaintiffs' motion to compel.  The parties SHALL therefore
7  refer to this order to the extent necessary.

8  D.    <u>Sanctions</u>

9      At the hearing, Plaintiffs made an oral request for sanctions, contending that Defendants'
10 delay tactics resulted in the expenditure of additional time and money to secure the requested
11 documents.  The facts of the discovery process do not justify an award of sanctions, however, and
12 Plaintiffs' request is therefore DENIED.  F. R. Civ. Proc. 37(a)(5).

13 **ORDER**

14     Plaintiffs' motion compel is GRANTED IN PART AND DENIED IN PART.
15 Defendants SHALL produce documents as ordered above within thirty (30) days of the date of
16 service of this order.  Plaintiffs' oral request for sanctions is DENIED.  Defendants' motion to
17 quash is DENIED AS MOOT EXCEPT to the extent the issues are impacted by the Court's
18 ruling on the motion to compel.

19

20     IT IS SO ORDERED.

21     Dated:    **June 2, 2010**            /s/ **Dennis L. Beck**
                                                              UNITED STATES MAGISTRATE JUDGE