RANDY L. EDWARDS, #105639
MICHAEL R. JOHNSON, #237767
LAURA A. WOLFE, #266751
GRISWOLD, LaSALLE, COBB, DOWD & GIN, L.L.P.
111 East Seventh Street
Hanford, CA 93230
Telephone (559) 584-6656
Facsimile (559) 582-3106
edwards@griswoldlasalle.com; johnson@griswoldlasalle.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| SABAS ARRENDONDO, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>DELANO FARMS COMPANY, et al.<br><br>    Defendants. | Case No.: 1:09-cv-01247-LJO-DLB<br><br>STIPULATION AND ORDER LIMITING THE NUMBER OF DEPOSITIONS PRIOR TO CLASS CERTIFICATION |

    For GOOD CAUSE, the Parties to this action respectfully file this Stipulation and Proposed Order.  Good cause includes, without limitation, extensive meet and confer efforts regarding discovery issues, including taking the depositions of certain witnesses identified in Plaintiffs' FRCP Rule 26(a)(1) Initial Disclosure dated December 5, 2009. The parties' efforts to cooperate are designed to aid in making pre-certification discovery more efficient.  The parties have come to an agreement regarding pre-certification depositions.

    Defendants have noticed depositions of putative class members that are not named Plaintiffs.  These witnesses were identified in Plaintiffs' FRCP Rule 26(a)(1) Initial Disclosure and have provided declarations regarding matters material to class certification issues.  Plaintiffs believe that a Court Order is required to take the depositions of those unnamed putative class members that were identified by Plaintiffs as witnesses and also submitted a declaration as attached to Plaintiffs' FRCP Rule 26(a)(1) Initial Disclosure.

956635.1

Defendants, however, do not believe that a Court Order is required to take the depositions of these witnesses. The parties have met and conferred regarding this issue, and in a good faith effort to resolve the matter without appealing to the Court, have come to an agreement.

As such and subject to the Court's approval, the Parties have agreed and hereby stipulate to the following: (1) Defendants may take the depositions of only 5 unnamed, putative class members who were identified in Plaintiffs' FRCP Rule 26(a)(1) Initial Disclosure and who have submitted declarations thereto; and (2) Defendants are not permitted to take additional depositions of unnamed putative class members who were not identified as witnesses in Plaintiffs' FRCP Rule 26(a)(1) Initial Disclosure without a separate Court Order; and (3) the scope of the 5 depositions of unnamed putative class members who Plaintiffs identified and who submitted declarations shall be limited to matters contained in the unnamed putative class members' declarations.

Dated:  July 22, 2010                                GRISWOLD, LaSALLE, COBB,
                                                                    DOWD & GIN, L.L.P.


                                                                By /s/ Michael R. Johnson
                                                                    MICHAEL R. JOHNSON,
                                                                    Attorneys for Defendants


Dated:  July 22, 2010                                WASSERMAN, COMDEN &
                                                                    CASSELMAN, L.L.P.


                                                                By /s/ Gregory J. Ramirez
                                                                    GREGORY J. RAMIREZ,
                                                                    KATHERINE A. WINDER,
                                                                    JAMES PERERO,
                                                                    JESSICA ARCINIEGA,
                                                                    Attorneys for Plaintiffs and the Class

956635.1

IT IS SO ORDERED: (1) Defendants may take the depositions of only <u>5</u> unnamed, putative class members who were identified in Plaintiffs' FRCP Rule 26(a)(1) Initial Disclosure and who have submitted declarations thereto; and (2) Defendants are not permitted to take additional depositions of unnamed putative class members who were not identified as witnesses in Plaintiffs' FRCP Rule 26(a)(1) Initial Disclosure without a separate Court Order; and (3) the scope of the 5 depositions of unnamed putative class members who Plaintiffs identified and who submitted declarations shall be limited to matters contained in the unnamed putative class members' declarations.

IT IS SO ORDERED.

Dated:   **July 22, 2010**                          /s/ *Dennis L. Beck*
                                            UNITED STATES MAGISTRATE JUDGE

956635.1