1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

SABAS ARRENDONDO, et al.,                )   1:09cv01247 LJO DLB
                                          )
                    Plaintiff,            )   ORDER REGARDING PLAINTIFFS'
                                          )   MOTION FOR SANCTIONS
          v.                              )
                                          )   (Document 43)
DELANO FARMS CO., et al.,                 )
                                          )
                    Defendants.           )
_____)

On July 16, 2010, Plaintiffs filed the instant motion for discovery sanctions.  The motion
was heard on July 30, 2010, before the Honorable Dennis L. Beck, United States Magistrate
Judge.  Jessica Arciniega and Thomas Lynch appeared on behalf of Plaintiffs Sabas Arrendondo,
Jose Cuevas, Hilario Gomez, Irma Landeros and Rosalba Landeros, individually and on behalf of
all others similarly situated.  Michael Johnson appeared on behalf of Defendants Delano Farms
Co., Cal-Pacific Farm Management, L.P., and T&R Bangi's Agricultural Services, Inc.

## BACKGROUND

On July 17, 2009, five Named Plaintiffs filed this action alleging causes of action under
both federal and state law (Migrant and Seasonal Agricultural Worker Protection Act, California
Labor Code and California Unfair Competition Law) based on allegations that they were not
compensated for all time worked.  Plaintiffs are seasonal, agricultural workers who worked in
agricultural fields and packing sheds owned by Defendant Delano Farms.  Defendants Cal-

1

1   Pacific Farm Management and T&R Bangi are farm labor contractors working with Delano

2   Farms to provide its labor force.

3       Plaintiffs' deadline to file a motion for class certification is August 10, 2010, though the

4   parties are expected to submit a stipulation to extend the date.

5       On June 2, 2010, the Court granted in part and denied in part Plaintiffs' motion to compel

6   production of documents.  Among other things, Defendants were ordered to produce time records

7   and wage information for all potential class members.  The Court stated, "To the extent that the

8   requested information is stored on a computer, Defendants SHALL produce the information for

9   all covered employees.  As to Defendant Delano Farms, this request includes invoices, as well."

10      Defendants provided supplemental responses on July 2, 2010.  The responses consisted of

11  9 CD-ROMs containing Microsoft Excel Spreadsheets and scans of handwritten employee time

12  cards.

13      Plaintiffs filed the instant motion for sanctions on July 16, 2010.  Defendants filed their

14  opposition on July 23, 2010, and Plaintiffs filed their reply on July 28, 2010.

15  **DISCUSSION**

16      Based on their belief that Defendants failed to comply with the June 2 order, Plaintiffs

17  seek monetary and terminating sanctions pursuant to Federal Rule of Civil Procedure 37.  At the

18  hearing, the parties were able to agree on a supplemental production, as set forth below.  The

19  Court will therefore reserve ruling on the issue of sanctions until the completion of the

20  supplemental production.

21  A.    Electronic Production of Employee Records

22      The bulk of Plaintiffs' discovery complaints arise from Defendants' production of

23  employee records in the form of Excel spreadsheets.  Defendants exported information from

24  Datatech, their payroll software, to the spreadsheets and contend that the information appears as

25  kept in its native form.  While Defendants also contend that the information is fully searchable,

26  Plaintiffs have identified numerous issues with the form of the production.

27      Plaintiffs now have the Datatech software and Defendants have agreed to export relevant

28  data from Datatech and produce it to Plaintiffs on a hard drive.  Defendants estimated that ten

1   percent of the employees referenced in Datatech are not covered employees and they will

2   therefore delete such employees prior to production.

3   B.   Handwritten Payroll Records

4           Defendants produced scans of handwritten time cards in the manner in which they were

5   stored.  Plaintiffs argue, however, that they are not able to identify for which Defendant the

6   employee worked.  At the hearing, Defendants stated that Defendants Cal-Pacific and T&R

7   Bangi are the only employers and agreed to provide an explanation in a supplemental response.

8           Plaintiffs also questioned whether Defendants utilized a software program for creating

9   time cards because at least one of the time cards produced appears to have been created

10  electronically.  Although Defendants believed that all of the time cards were handwritten, they

11  have agreed to inquire whether there an electronic time keeping system was in use and whether

12  other electronic time cards exist.  The parties are reminded to discuss the native format of the

13  information and any systems used, as well as the format of production,  prior to supplementing

14  the response.

15  C.   Invoices

16          Plaintiffs raise a similar issue as to the invoices produced by Defendants.  Plaintiffs

17  believe that the invoices, which were kept in binders and scanned for production, were created

18  electronically.  Defendants have represented to the Court, both in their briefing and during oral

19  argument, that invoices are not electronically stored.

20  D.   Information Relating to Document Compilation and Retention

21          Defendants have represented that they do not have any responsive documents.

22  E.   Additional Witnesses

23          Finally, Plaintiffs contend that Defendants have belatedly produced an additional 280

24  witnesses despite their representation at the prior hearing that the 11 witnesses already identified

25  were likely the only witnesses.  At the hearing, Defendants explained that the additional

26  witnesses were produced to update the list with names produced in response to a document

27  request.  The list, however, is incomplete.  Defendants agreed to provide additional information,

28

such as where, when and in what capacity the witness worked, for the witnesses who are likely to be involved in the class certification process.

## ORDER

As discussed at the hearing, the parties SHALL meet and confer to develop a time line for the supplemental production.  The Court will not rule on the issue of sanctions at this time and Plaintiffs' may renew the request for sanctions, if necessary, after the supplemental production.

IT IS SO ORDERED.

**Dated:**   **August 3, 2010**                        **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE

4