# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABAS ARRENDONDO, et al.,<br><br>        Plaintiff,<br><br>   vs.<br><br>DELANO FARMS COMPANY, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. CV F 09-1247 LJO DLB<br><br>**ORDER GRANTING PLAINTIFFS' APPLICATION FOR A TEMPORARY RESTRAINING ORDER** |

On August 8, 2010, plaintiffs filed an Application pursuant to Fed.R.Civ.P. 65 requesting a Temporary Restraining Order ("TRO") against defendant Delano Farms Company to restrain potential retaliation and threats to witnesses and putative class members by defendant. The Application also seeks an order directing Defendant Delano Farms Company to show cause why a preliminary injunction should not be granted. The Application is supported by declarations of (1) Jessica Arciniega and Thomas P. Lynch, attorneys representing plaintiffs, (2) Aida Sotelo, paralegal who investigated the threats, and (3) declarations of three persons who are witnesses/potential class members and who heard the threats by a supervior of Delano Farms.

## OVERVIEW

This is a potential class action filed on July 17, 2009 alleging federal and state law wage and hour violations, in concluding claims pursuant to the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §1801 et seq.  The proposed class consists of all agricultural employees who are or have been employed, and who have worked one or more shifts as non-exempt hourly and/or piece rate workers for the Defendant Delano Farms.  The parties are currently engaged in heated contested discovery involving class certification.

Plaintiffs have brought this application on the grounds that the supervisors of the employer

defendant have threatened employees and putative class members with termination and/or not being rehired for further seasonal work if the employee participates in this litigation. For instance, one particular employee was identified as a witness in the litigation, was deposed by defendant, then was allegedly threatened by her supervisor, Manual Guzman, two days later when she was on the job. Other witnesses present testimony of a supervisor stating that a person found to be participating in this lawsuit would be taken out of the work crew and not recalled as a worker for any future job. (See Doc. 56 and supporting declarations.)

As a result of the foregoing, plaintiffs, putative class members, and potential witnesses allege they are fearful of retaliation based on their belief that Defendant Delano Farms, through actions of supervisors and agents, will retaliate or continue to retaliate against them for pursuing their claims and participating in this lawsuit against Defendant Delano Farms.

**STANDARD OF REVIEW**

The same standards generally apply to temporary restraining orders and preliminary injunctions. *Northeast Ohio Coalition for Homeless & Serv. Employees Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2009). A "preliminary injunction is an extraordinary and drastic remedy." *Munaf v. Geren*, 552 U.S. 674, 128 S. Ct. 2207, 2219 (2008). As such, the Court may only grant such relief "upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat'l Res. Def. Council, Inc.*, 129 S.Ct. 365, 375 (2008). To prevail, the moving party must show : (1) a likelihood of success on the merits; (2) a likelihood that the moving party will suffer irreparable harm absent a preliminary injunction; (3) that the balance of equities tips in the moving party's favor; and (4) than an injunction is in the public interest. *Id*. at 374. In considering the four factors, the Court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 129 S.Ct. at 376 (quoting *Amoco Co. v. Vill. of Gambell, Alaska*, 480 U.S. 531 542 (1987)); *Indep. Living Ctr. of S. Cal., Inc. v. Maxwell-Jolly*, 572 F.3d 644, 651 (9th Cir. 2009).

Based on the foregoing, the Court finds that at this point in the litigation, pending the holding of a preliminary injunction hearing, the plaintiffs are likely to succeed on the underlying wage and hour claims, that the balance of the equities tip in favor of the plaintiffs, and that a temporary restraining order

is in the public interest. Moreover, it is likely there will be irreparable injury to the plaintiffs, putative class members, and potential witnesses involved in *Arrendondo v. Delano Farms Company* if Defendant Delano Farms Company, and supervisors are permitted to continue their alleged party and witness intimidation and related conduct in that: (a) the plaintiff's prosecution of their case is likely to be chilled; (b) the plaintiff's investigation of their claims, and identification of class members, now pending against Delano Farms are likely to be chilled; (c) current Delano Farms employees are likely to be deterred from exercising their rights; and (d) the plaintiffs, putative class members and potential witnesses are likely to suffer damage.

The Court finds at this juncture, a narrowly tailored TRO is appropriate to protect the interests described above. Accordingly, the Court GRANTS the application for a Temporary Restraining Order, as stated in the separately issued TRO.

Pursuant to Fed. R. Civ. P. 65(c), a plaintiff must post a bond with the Court as a security prerequisite to the granting of injunctive relief. A bond must be posted "in such sum as the court deems proper." *Id*. Accordingly, plaintiffs must file a $1,000 bond with this Court for the TRO to become effective.

**ORDER**

For the foregoing reasons, this Court:

1. GRANTS plaintiffs' Application for a temporary restraining order;
2. ORDERS plaintiffs to file a bond with the clerk of this Court in the amount of $1,000. The temporary restraining order outlined in the order entitled "Temporary Restraining Order" shall not be effective until plaintiffs have filed a bond in the above-specified amount with this Court.

IT IS SO ORDERED.

**Dated:     August 10, 2010**           /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE