IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABAS ARRENDONDO, et al.,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>DELANO FARMS COMPANY, et al.,<br><br>　　　　Defendants._____/ | CASE NO. CV F 09-1247 LJO DLB<br><br>**ORDER DENYING PLAINTIFFS' APPLICATION FOR AN OSC** |

On January 7, 2011, plaintiffs filed an Application for an Order to Show Cause re Contempt for purported violations of a Preliminary Injunction. The Application is supported by declarations of (1) Jessica Arciniega, an attorney representing plaintiffs, (2) Amelia Magana, a "worker" at plaintiffs' counsel's law office, and (3) a declaration of Agustin Santiago.

**OVERVIEW**

This is a potential class action filed on July 17, 2009 alleging federal and state law wage and hour violations, including claims pursuant to the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §1801 et seq. The proposed class consists of all agricultural employees who are or have been employed, and who have worked one or more shifts as non-exempt hourly and/or piece rate workers for the Defendant Delano Farms.

In August 2010, this Court issued a preliminary injunction prohibiting retaliatory measures against potential class members. Plaintiff had filed a motion for a Temporary Restraining Order on the grounds that a supervisor was intimidating potential class members, among other things. The parties agreed to the Preliminary Injunction terms, which precludes actions of retaliation. (Doc. 65, Stipulation and Preliminary Injunction.) The Court issued the Preliminary Injunction on August 27, 2010.

On January 7, 2010, plaintiffs filed an Application for an Order to Show Cause re Contempt. Plaintiffs present "evidence" that the same supervisor has told one to two class members that they will not be rehired because they are part of this class action.

**ANALYSIS**

Plaintiffs submit three declarations in support of their Application.  The three declarations do not provide competent, admissible evidence for this Court's consideration.

The first declaration is by one of the class members who purportedly says that he was told by the supervisor he will not be rehired because he is part of the class.  The declaration cannot provide evidentiary support because the declarant says that the declaration "was read to me in Spanish and I confirm that all statements here are true."  Plaintiffs failed to provide the interpreter's declaration of interpretation.  Plaintiffs failed to provide a verification of the translation from a qualified interpreter under penalty of perjury.  Fed.R.Evid. 604, 901.

The other two declarations are by persons employed by counsel's law firm.  One declaration is by counsel Jessica Arciniega who relates what she was told by other persons.  The other declaration is by Amelia Magana who "performs work" for the law firm.  She says she received a call from a second class member who told her that he had been had not been rehired even though he has always been rehired.  Plaintiffs did not submit a declaration by the class member. Both of these declarations suffer from fatal evidentiary deficiencies.  The declarations contain double, and triple, hearsay (Fed.R.Evid. 801), and as to Ms. Magana, the declaration lacks foundation as to her translation abilities and her role as "worker" in the law firm.

**ORDER**

For the foregoing reasons, this Court DENIES the Application for an Order to Show Cause re Contempt.

IT IS SO ORDERED.

**Dated:   January 10, 2011**              /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE