RANDY L. EDWARDS, #105639
MICHAEL R. JOHNSON, #237767
LAURA A. WOLFE, #266751
GRISWOLD, LaSALLE, COBB,
  DOWD & GIN, L.L.P.
111 E. 7th Street
Hanford, CA 93230
Telephone:   (559) 584-6656
Facsimile:   (559) 582-3106

Attorneys for: Defendants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABAS ARREDONDO, JOSE CUEVAS, HILARIO GOMEZ, IRMA LANDEROS, and ROSALBA LANDEROS, individually, and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>DELANO FARMS COMPANY, a Washington State Corporation; CAL-PACIFIC FARM MANAGEMENT, L.P.; T&R BANGI'S AGRICULTURAL SERVICES, INC. and DOES 1 through 10, inclusive,<br><br>          Defendants. | Case No. 1:09-CV-01247-LJO-DLB<br><br>DEFENDANTS' OBJECTIONS TO DECLARATION OF KENNETH L. CREAL SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION<br><br><br><br>DATE: March 16, 2011<br>TIME: 8:30a.m.<br>DEPT: 4 |

    Defendants Delano Farms Company; Cal-Pacific Farm Management, L.P.; and T&R Bangi's Agricultural Services, Inc. ("Defendants") hereby object to the Declaration of Kenneth L. Creal, CPA submitted by Plaintiffs in support of their motion for class certification, as follows:

    1.    Object to the Declaration in its entirety: the declaration lacks foundation; declarant is a CPA, not a labor consultant or other person with experience in the field of agricultural labor or the management of groups of workers in the cultural practices in caring for and harvesting grape vines. The Declaration is also embedded with numerous explicit and implicit legal conclusions regarding wage and hour law and its application to the field of agricultural labor, all of which conclusions and assumptions

GRISWOLD, LaSALLE,
COBB, DOWD &
GIN, L.L.P.
111 E. 7th STREET
HANFORD, CA 93230

1

Objections to Declaration of Kenneth Creal
Arredondo, et al. v. Delano Farms, et al.; Case No. 1:09-CV-01247-LJO-DLB

lack foundation and which declarant is not qualified to give. The Declaration also contains numerous embedded mostly implicit assumptions about the application of declarant's view of wage and hour law to the selected facts referred to the Declaration.

2. Object to page 2, paragraph 5: mischaracterizes the evidence by omitting to disclose that defendants provided 89 declarations in their original, amended, second amended and third amended initial disclosures; and plaintiffs provided 69 in their disclosures, a total of 158. Declarant's analysis of the 63 declarations does not differentiate between declarations originally disclosed by plaintiffs, and those included in defendants' disclosures. Therefore the analysis is vague and ambiguous by failing to make this distinction, and the validity of its conclusions and interpretations lack foundation.

3. Object to page 2, paragraph 6: the objections to ¶ 5 are incorporated herein; further objection as to relevance of number of foremen.

4. Object to page 2-3, paragraph 7: the objections to ¶ 5 are incorporated herein; mischaracterizes the evidence by making it appear the 63 declarations examined are unanimous with respect to issues of unpaid pre- and post- shift work and workers providing their own tools when declarations disclosed by defendants show otherwise; further lacks foundation on account failure to establish that the unidentified 63 declarations are statistically significant or even a representative sample, based on the 14,000+ members of the "putative class".

5. Object to page 3, paragraph 8: the objections to ¶ 5 are incorporated herein; vague and ambiguous as to "pre-shift work," "post-shift work" and "required tools;" mischaracterizes the evidence by failing to disclose that the declarations selected for review were in conflict with other declarations of equal or greater number on the issues highlighted in declarant's analysis; vague and ambiguous as to the 63 declarations (e.g., identity of declarant) selected and provided for declarant's review.

6. Object to page 3, paragraph 9: the objections to ¶ 5 are incorporated herein; vague and ambiguous as to "pre-shift work;" calls for a legal conclusion relative to such term.

7. Object to page 3, paragraph 10: the objections to ¶ 5 are incorporated herein; vague and ambiguous as to "post-shift work;" calls for a legal conclusion relative to such term.

GRISWOLD, LaSALLE,
COBB, DOWD &
GIN, L.L.P.
111 E. 7th STREET
HANFORD, CA 93230

2

Objections to Declaration of Kenneth Creal
Arredondo, et al. v. Delano Farms, et al.; Case No. 1:09-CV-01247-LJO-DLB

8. Object to pages 3-4, paragraph 11: the objections to ¶ 5 are incorporated herein; vague and ambiguous; calls for a legal conclusion.

9. Object to page 4, paragraph 12: the objections to ¶ 5 are incorporated herein; contains legal opinions declarant is not competent to give.

10. Object to page 4, paragraph 13: the deposition transcript is the best evidence of its contents.

11. Object to page 4, paragraph 14: the documents speak for themselves.

12. Object to page 4, paragraph 15: lacks foundation, assumes the employee is required to sign the daily payroll sheet to indicate that each employee reviewed it; lacks foundation, assumes that lack of a space for each employee to "evidence his/her review of the accuracy of the recorded time" means that each employee did not "review the accuracy of his/her recorded time;" assumes legal conclusions regarding the format of time sheets and records, whether individual sign in/sign out sheets are required; vague and ambiguous as to term "shift" and who determines when it begins or ends, especially important in collective labor such as cultural work on vineyards.

13. Object to page 5, paragraph 16: the objections to ¶ 5 are incorporated herein; mischaracterizes the evidence by ignoring other evidence available in other declarations.

14. Object to page 5, paragraph 17: the objections to ¶ 5 are incorporated herein; lack of foundation, assumes that not all employees worked the same length of time; assumes each individual employee could or would vary his/her "in/out" time at will.

15. Object to page 5, paragraph 18: the objections to ¶ 5 are incorporated herein; see also objections to ¶ 17.

16. Object to page 5, paragraph 19: the objections to ¶ 5 are incorporated herein; see also objections to ¶ 17; lack of foundation for assumptions stated or implied.

17. Object to page 5, paragraph 20: the objections to ¶ 5 are incorporated herein; see also objections to ¶ 17; lack of foundation for assumptions stated or implied.

1   18.   Object to page 5, paragraph 21: the objections to ¶ 5 are incorporated herein; see also
2   objections to ¶ 17; lack of foundation for assumptions stated or implied.

3   19.   Object to page 5, paragraph 22: the objections to ¶ 5 are incorporated herein; see also
4   objections to ¶ 17; lack of foundation for assumptions stated or implied; lack of competence to offer
5   a legal opinion.

6   20.   Object to page 6, paragraph 23: the objections to ¶ 5 are incorporated herein; see also
7   objections to ¶ 17; lack of foundation for assumptions stated or implied, for example, that the
8   computerized payroll is required by law to, or should, show the "start and end time of each shift" [for
9   each employee?] [for each crew?].

10  21.   Object to page 6, paragraph 24: the objections to ¶ 5 are incorporated herein; see also
11  objections to ¶ 17; lack of foundation for conclusions stated.

12  22.   Object to page 6, paragraph 25: the objections to ¶ 5 are incorporated herein; see also
13  objections to ¶ 17; lack of foundation for information stated.

14  23.   Object to pages 7-8, paragraph 26: the objections to ¶ 5 are incorporated herein; see also
15  objections to ¶ 17; lack of foundation; relevance.

16  24.   Object to page 8, paragraph 27: the objections to ¶ 5 are incorporated herein; see also
17  objections to ¶ 17; lack of foundation for assumptions stated or implied; vague and ambiguous as to
18  "unique employees."

19  25.   Object to page 8, paragraph 28: the objections to ¶ 5 are incorporated herein; see also
20  objections to ¶ 17; lack of foundation for assumptions stated or implied; vague and ambiguous as to
21  "unique employees."

22  26.   Object to page 8, paragraph 29: the objections to ¶ 5 are incorporated herein; see also
23  objections to ¶ 17; lack of foundation for assumptions stated or implied; vague and ambiguous as to
24  "putative class members."

25
26

GRISWOLD, LaSALLE,
COBB, DOWD &
GIN, L.L.P.
111 E. 7th STREET
HANFORD, CA 93230

4

Objections to Declaration of Kenneth Creal
Arredondo, et al. v. Delano Farms, et al.; Case No. 1:09-CV-01247-LJO-DLB

1  27.	Object to page 8, paragraph 30: the objections to ¶ 5 are incorporated herein; see also
2  objections to ¶ 17; lack of foundation for assumptions stated or implied; lack of foundation and vague
3  and ambiguous for conclusions stated ("adequate" time records; records were "inadequate").

4  28.	Object to page 8, paragraph 31: the objections to ¶ 5 are incorporated herein; see also
5  objections to ¶ 17; lack of foundation.

6  29.	Object to page 9, paragraph 32: the objections to ¶ 5 are incorporated herein; see also
7  objections to ¶ 17; lack of foundation for assumptions stated or implied ("hours worked 'off-the-
8  clock'"); failure to acknowledge, analyze, or opine on contrary evidence in declarations.

9  30.	Object to page 9, paragraph 33: the objections to ¶ 5 are incorporated herein; see also
10 objections to ¶ 17; lack of foundation.

11 31.	Object to page 9, paragraph 34: the objections to ¶ 5 are incorporated herein; see also
12 objections to ¶ 17; lack of foundation for assumptions stated or implied.

13 DATED: February 28, 2011.

Respectfully Submitted,

GRISWOLD, LaSALLE, COBB,
DOWD & GIN, L.L.P.

By   /s/ Michael R. Johnson
       MICHAEL R. JOHNSON
       Attorneys for Defendants

C:\wp51\CLIENTS\BANGI'S AG SERVICES\Motion for Class Certification\Objections to the Dec of Creal.wpd

GRISWOLD, LaSALLE,
COBB, DOWD &
GIN, L.L.P.
111 E. 7th STREET
HANFORD, CA 93230

5

Objections to Declaration of Kenneth Creal
Arredondo, et al. v. Delano Farms, et al.; Case No. 1:09-CV-01247-LJO-DLB