RANDY L. EDWARDS, #105639
MICHAEL R. JOHNSON, #237767
LAURA A. WOLFE, #266751
GRISWOLD, LaSALLE, COBB, DOWD & GIN, L.L.P.
111 East Seventh Street
Hanford, CA 93230
Telephone (559) 584-6656
Facsimile (559) 582-3106
edwards@griswoldlasalle.com; johnson@griswoldlasalle.com; wolfe@griswoldlasalle.com

Attorneys for: Defendants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| SABAS ARRENDONDO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DELANO FARMS COMPANY, et al. <br><br> Defendants. | Case No.: 1:09-cv-01247-LJO-DLB <br><br> **DEFENDANTS' APPLICATION FOR LEAVE TO FILE SUR-REPLY AND SUR-REPLY TO PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO CLASS CERTIFICATION MOTION** <br><br> DATE: March 16, 2011 <br> TIME: 8:30 a.m. <br> DEPT: 4 |

Defendants Cal-Pacific Farm Management, L.P. ("Cal-Pacific"), T&R Bangi's Agricultural Services, Inc. ("T&R Bangi"), and Delano Farms Company ("Delano Farms") (hereinafter collectively referred to as "Defendants"), hereby request leave to file a sur-reply to the Reply filed by Plaintiffs, Sabas Arrendondo, et al. Defendants respectfully submit that there is good cause to allow for such filing.

**I.     INTRODUCTION**

In Plaintiffs' Reply to Defendants' Opposition to Class Certification filed March 8, 2011

GRISWOLD, LaSALLE,
COBB, DOWD &
GIN, L.L.P.
111 EAST SEVENTH STREET
HANFORD, CA 93230

1

*DEFENDANTS' REQUEST FOR LEAVE TO FILE SUR-REPLY*
*Arredondo v. Delano Farms Company, et al.*

("Reply"), new issues were raised which were not previously addressed in Plaintiffs' Motion for Class Certification ("Motion") or Defendants' Opposition to Plaintiffs' Motion for Class Certification ("Opposition"). Specifically, Defendants will address the following issues in their sur-reply: (1) the sub-classes proposed by Plaintiffs for the first time in their Reply; (2) new issues and evidentiary arguments raised by Plaintiffs' in their Reply.

## II. ARGUMENT

Plaintiffs Reply to Defendants' Opposition to Class Certification filed March 8, 2011 ("Reply") raised two issues which were previously not raised in either their Motion for Class Certification ("Motion") or in Defendants' Opposition to Plaintiffs' Motion for Class Certification ("Opposition"). Specifically, Plaintiffs proposed four (4) new sub-classes which were not previously proposed. Additionally, Plaintiffs provided nine (9) new declarations supporting the previously unaddressed argument that Defendants had changed their practices in 2010, and specifically, provided the declaration of Adrian Vansquez which was given to support the previously unaddressed issue that the Declarations submitted with the Opposition were irrelevant because they addressed only the present practices of Defendants.

### A.  Plaintiffs Propose Sub-Classes for the First Time in their Reply.

In the Motion, Plaintiffs proposed only one (1) class. Defendants thus argued in their Opposition that this proposed class was too broad, and at the least, Plaintiffs should have to propose sub-classes. However, Defendants did not address any potential sub-classes because none were proposed. For the first time in their Reply, Plaintiffs propose four (4) new sub-classes. The proper mechanism through which to propose these sub-classes is in an initial Motion for Class Certification or at the direction of the Court. This way, Defendants would have the opportunity to oppose those proposed sub-classes. Here, Plaintiffs have proposed sub-classes without giving Defendants the chance

GRISWOLD, LaSALLE,
COBB, DOWD &
GIN, L.L.P.
111 EAST SEVENTH STREET
HANFORD, CA 93230

2

*DEFENDANTS' REQUEST FOR LEAVE TO FILE SUR-REPLY*
*Arredondo v. Delano Farms Company, et al.*

to address any arguments which make these sub-classes inappropriate for certification. For this reason, Plaintiffs' proposed sub-classes should be disregarded by the Court.

### B.     Plaintiffs Bring New Issues Before the Court.

In their Reply, Plaintiffs bring forth nine (9) new declarations addressing new issues: that Plaintiffs changed their policies in 2010; that all declarations submitted by Defendants are written in present tense; and, that Defendants "generally fail to provide adequate information regarding practices prior to Defendants' clean-up efforts." (Plaintiffs' Reply p. 5:20-21). Specifically, Plaintiffs introduce the declaration of Adrian Vasquez who states that he signed the declaration offered by Defendants "because the information in it was true for the 2010 'harvest' season." (Plaintiffs' Reply, Ex. 114, p.2:6-7). These issues were not previously raised in Plaintiffs' Motion, and as to the alleged failure to provide information prior to Defendants' "clean-up" efforts, Plaintiffs mislead the Court.

First, Plaintiffs were provided with Adrian Vasquez's declaration from Defendants in their Initial Disclosures. Plaintiffs were also provided with the declarations from Defendants prior to their filing of the Motion. Regardless, Plaintiffs never addressed any past or present tense distinctions in their Motion. In addition, Plaintiffs now, for the first time in their Reply, bring forth an additional declaration from Adrian Vasquez which purports to contradict the original declaration provided by this witness. Plaintiffs have raised an issue regarding the declarations provided to them months ago for the first time in their Reply, thus denying Defendants the chance to gather evidence to the contrary and make an argument addressing the issues raised by Plaintiffs.

In addition, Plaintiffs raise an issue about Defendants' alleged 2010 clean-up efforts by providing eight (8) new declarations which address this alleged time period, and by telling the Court that Defendants' declarations do not address any time prior to 2010. This representation is flat-out

wrong. Many of the declarations provided by Defendants in their Opposition specifically address the issue of time. For example, in the Declaration of Consuelo Cabrera (Doc. 76-1, p.73-76), the witness states that he has "worked for the company for over ten years. When [he] first began working for T&R Bangi, [he] used to take trays home to clean them. [He] has not done this for about seven years . . ." This makes it clear that prior to 2010, the declarant was not required to work at home. In all, 28 of the declarations provided by Defendants make it clear that the declarants are not speaking only in present tense.[1]

### III. CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court consider this sur-reply.

Dated: March 11, 2011

                                          GRISWOLD, LaSALLE, COBB,
                                          DOWD & GIN, L.L.P.

                                          By  /s/  Michael R. Johnson
                                              MICHAEL R. JOHNSON
                                              Attorneys for Defendants

---

[1] Doc. 76-1, 76-2, 76-3, 76-4, Ex. 4, Ex. 6, Ex. 7, Ex. 10, Ex. 12, Ex. 14, Ex. 16, Ex. 17, Ex. 23, Ex. 27, Ex. 30, Ex. 35, Ex. 37, Ex. 39, Ex. 47, Ex. 50, Ex. 51, Ex. 53, Ex. 54, Ex. 56, Ex. 57, Ex. 62, Ex. 73, Ex. 74, Ex. 76, Ex. 77, Ex. 83, Ex. 84.

GRISWOLD, LaSALLE,
COBB, DOWD &
GIN, L.L.P.
111 EAST SEVENTH STREET
HANFORD, CA 93230

4

DEFENDANTS' REQUEST FOR LEAVE TO FILE SUR-REPLY
*Arredondo v. Delano Farms Company, et al.*