William C. Hahesy, #105743
**LAW OFFICES OF WILLIAM C. HAHESY**
225 West Shaw Avenue, Suite 105
Fresno, CA  93704
Telephone (559) 579-1230
Facsimile (559) 579-1231
Email: bill@hahesylaw.com

Attorney for Non-Party Witness ANDERSON & MIDDLETON COMPANY

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABAS ARREDONDO, JOSE CUEVAS, HILARIO GOMEZ, IRMA LANDEROS, and ROSALBA LANDEROS individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DELANO FARMS COMPANY, a Washington State Corporation; CAL-PACIFIC FARM MANAGEMENT, L.P.; T&R BANGI'S AGRICULTURAL SERVICES, INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 1:09-CV-01247-LJO-DLB<br><br>**STIPULATED PROTECTIVE ORDER AND ORDER BETWEEN PARTIES AND NON-PARTY WITNESS ANDERSON & MIDDLETON COMPANY**<br><br>**[Local Rule 83-143]** |

This Stipulated Protective Order is entered into by and between Plaintiffs SABAS ARREDONDO, JOSE CUEVAS, HILARIO GOMEZ, IRMA LANDEROS, and ROSALBA LANDERSO individually, and on behalf of all others similarly situated, Defendants DELANO FARMS COMPANY, a Washington State Corporation; CAL-PACIFIC FARM MANAGEMENT, L.P.; T&R BANGI'S AGRICULTURAL SERVICES, INC. and ANDERSON & MIDDLETON COMPANY (Non-Party Witness).  Plaintiffs, Defendants and Non-Party Witness are hereinafter collectively referred to as "the Parties."  Reference is made to the following facts:

## RECITALS

A.  The Plaintiffs issued subpoenas to Non-Party Witness.

B.  Non-Party Witness has submitted certain objections to the subpoenas.

C.  In anticipation that Non-Party Witness will be producing some documents, the Parties desire to stipulate to a protective order sanctioned by the Court to protect certain information, including financial and accounting documents, trade secrets, propriety information, and other confidential information from unnecessary disclosure.

D.  By entering into this Stipulated Protective Order, the Parties do not waive any objections that they may assert to the subpoena or subpoenas, including any future subpoenas, or any rights that they may have to compel further responses to the subpoena.

E.  This Stipulated Protective Order also does not constitute a waiver or consent to jurisdiction in the Eastern District of California relative to the enforcement of any subpoena issued to Non-Party Witness or proceeding on any objections made to any subpoena.

## STIPULATED PROTECTIVE ORDER

ACCORDINGLY, the Parties, by and through their respective attorneys of record, STIPULATE AND AGREE to the following protective order:

1.  The Recitals are incorporated herein.

2.  <u>Scope of the Order</u>.  This Stipulated Protective Order covers all documents and information designated "Confidential" or "Confidential – Attorneys/Experts Only" produced in this case or testimony provided in discovery by Non-Party Witness (or any witness concerning such documents or information) in this case.  Documents or information marked "Confidential" or "Confidential - Attorneys/Experts Only" shall be collectively referred to herein as "Confidential Discovery."  This Stipulated Protective Order is intended to cover all discovery propounded and answered by Non-Party Witness at any time and depositions wherein "Confidential" or "Confidential – Attorneys/Experts Only" information is used or discussed. Even after termination of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until Non-Party Witness agrees otherwise in writing or a court order otherwise directs.

09cv1247.o.Proto                                                  2

**STIPULATED PROTECTIVE ORDER AND ORDER BETWEEN PARTIES AND NON-PARTY WITNESS ANDERSON & MIDDLETON COMPANY**

3. <u>Designation of Confidential Discovery</u>. Non-Party Witness may designate Confidential Discovery as subject to this Order by designating it "Confidential" as set forth in paragraph 3 below. In the event that Non-Party Witness in good faith believes that particular material requested to be produced or disclosed is of such a highly sensitive nature that its disclosure should be limited to only those persons described in Paragraph 7 herein below, it may designate such items "Confidential - Attorneys/Experts Only" as set forth in paragraph 3 below.

4. <u>Designation Procedure</u>. Confidential Discovery shall be designated or deemed confidential as follows:

    a. In the case of deposition testimony:

        i. Non-Party Witness may designate testimony by any individual at the time of the deposition or by written notice to all counsel of record within 14 business days after Non-Party Witness' receipt of the written transcript. The portions of a transcript designated as "Confidential" or "Confidential – Attorneys/Experts Only" at the time of the deposition or during this 14-day period, shall be treated as Confidential Discovery thereafter and in accordance with the terms of this Stipulated Protective Order.

        ii. If any deposition testimony is designated as set forth in paragraph 4.a.1. above, each such transcript shall bear the following prominent and conspicuous legend on the cover of each volume of said deposition transcript, the placement of which shall be the responsibility of the court reporter after being so advised of the necessity for this legend by the party hereto making the confidentiality claim:

> "THE CONTENTS OF THIS TRANSCRIPT ARE CONFIDENTIAL [CONFIDENTIAL - ATTORNEYS/EXPERTS ONLY] AND ARE SUBJECT TO A PROTECTIVE ORDER ISSUED BY THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA. UNAUTHORIZED ACCESS TO, USE OF, OR DISCLOSURE OF ANY PART OF THIS TRANSCRIPT IS A VIOLATION OF COURT ORDER. A COPY OF SAID ORDER IS CONTAINED HEREIN."

///

      iii. Each such deposition transcript shall also contain a copy of this Order immediately following the cover page.

      iv. In the event that any deposition testimony is designated as set forth in paragraph 4.a.1. above, and the deposition is taken and recorded other than exclusively by stenographic means, including without limitation depositions recorded by audiotape or videotape, the portions of the designated deposition testimony shall be treated in the same manner as the written deposition transcript.  No copies will be made of any such audio or video recording unless necessary for preparation for trial or other proceeding in the case and, in that event, any person or entity making such a copy will be subject to and comply with this Order.  Each such audio or video recording shall have affixed to its exterior the following legend, the placement thereon which shall be the responsibility of the court reporter after being so advised of the necessity for this legend by the party hereto making the confidentiality claim:

    "THE CONTENTS OF THIS TAPE ARE CONFIDENTIAL [CONFIDENTIAL - ATTORNEYS/EXPERTS ONLY] AND ARE SUBJECT TO A PROTECTIVE ORDER ISSUED BY THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA.  UNAUTHORIZED ACCESS TO, USE OF, OR DISCLOSURE OF ANY PART OF THIS TAPE IS A VIOLATION OF COURT ORDER."

  b. In the case of the production of hard copy documents, Non-Party Witness may designate such discovery confidential by stamping on such discovery: "Confidential" or "Confidential - Attorneys/Experts Only" or words to that effect on each page that contains Confidential Discovery.  In the case of electronically stored information, Non-Party Witness may use other reasonable means to designate some or all as "Confidential".  Non-Party Witness will advise the parties hereto of such means at the time of production of the information.

  c. In the case of discovery produced by Non-Party Witness, pursuant to subpoena or otherwise, all such discovery shall be deemed confidential under this Order for a period of thirty (30) days after service, during which period, counsel for any of the Parties to this action may designate such discovery as confidential, in whole or in part, by written notice served upon

all counsel of record. Thereafter, all Parties who have received such discovery shall stamp "Confidential" or "Confidential - Attorneys/Experts Only" or words to that effect on the first page of each such document or other thing and each shall be deemed confidential pursuant to this Order.

5. <u>Inadvertent Failure to Designate</u>. If corrected within thirty (30) days of actual discovery, an inadvertent failure to designate qualified information or document as "Confidential" or "Confidential – Attorneys/Experts Only" does not, standing alone, waive the designating Party's right to secure protection for such material under this Stipulated Protective Order. If material is appropriately designated as "Confidential" or "Confidential – Attorneys/Experts Only" after the material was initially produced, the receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

6. <u>Objection to "Confidential" or "Confidential – Attorneys/Experts Only" Designation</u>. If any Party disagrees with the "Confidential" or "Confidential – Attorneys/Experts Only" designation, the Party so disagreeing shall, no later than 30 days after the date upon which the "Confidential" or "Confidential – Attorneys/Experts Only" document or information was produced and/or designated as such, notify by written notice, served on all Parties and Non-Party Witness in the case, that the Party disagrees with the designation of the document as "Confidential" or "Confidential – Attorneys/Experts Only," and shall in the notice both identify the document at issue and state the reasons why the challenging Party disagrees with the particular designation of the document. The Parties and Non-Party Witness must then meet and confer and attempt to resolve the dispute informally. If the Parties and Non-Party Witness are unable to resolve any document designation dispute informally, the dispute may be presented by motion to the Court by the Party challenging the designation of the document. Until a court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Party's designation.

7. <u>Recipients of Discovery Marked "Confidential"</u>. Discovery deemed or marked "Confidential" may be disclosed by the receiving Party or Parties only to the following persons,

and may be used only for the purpose of prosecuting or defending claims asserted in this action:

    (a)    The attorneys of record for the receiving Party and (i) their employees and (ii) outside legal support service personnel to whom the attorneys of record reasonably believe it necessary to show the documents for purposes of this litigation and who execute the "Promise of Confidentiality" attached hereto as Exhibit "A";

    (b)    In-house attorneys for any Party, who must also first execute the Promise of Confidentiality attached hereto as Exhibit "A";

    (c)    Experts and consultants and their employees who, prior to receiving documents or information designated as Confidential, sign the Promise of Confidentiality (attached as Exhibit "A") that such person has read and agrees to abide by this Order;

    (d)    The Court and court personnel pursuant to the procedures set forth herein;

    (e)    Persons to whom the documents are otherwise lawfully available outside of this litigation, such as third-party authors or recipients;

    (f)    The receiving Party or representatives of a receiving Party, including officers, directors and employees of the receiving Party to whom attorneys for the receiving Party believe it is necessary that the documents be shown for purposes of this litigation. Prior to receiving documents or information designated as Confidential, each representative shall sign the Promise of Confidentiality (attached as Exhibit "A" hereto) that such representative has read and agrees to abide by this Order;

    (g)    Witnesses during the course of depositions, provided each witness first signs the Promise of Confidentiality (attached as Exhibit A hereto) that such witness has read and agrees to abide by this order; and

    (h)    Such other persons as are designated by written agreement by the Non-Party Witness or by Court order.

8.    <u>Recipients of Discovery Marked "Confidential – Attorneys/Experts Only"</u>. Discovery deemed or marked "Confidential - Attorneys/Experts Only" may be disclosed by the receiving Party only to the following persons, and may be used only for the purpose of

prosecuting or defending claims asserted in this action:

    (a)    The attorneys of record for the receiving Party and (i) their employees and (ii) legal support service personnel to whom the attorneys of record reasonably believe it necessary to show the documents for purposes of this litigation, who execute the Promise of Confidentiality attached hereto as Exhibit "A";

    (b)    Experts and their employees who, prior to receiving documents or information designated as "Confidential - Attorneys/Experts Only," sign the Promise of Confidentiality (attached hereto as Exhibit "A") that such person has read and agrees to abide by this order;

    (c)    The Court and court personnel pursuant to the procedures set forth herein;

    (d)    Witnesses during the course of depositions, provided each witness first signs the Promise of Confidentiality (attached as Exhibit A hereto) that such witness has read and agrees to abide by this order; and

    (e)    Such other persons as are designated by written agreement by Non-Party Witness or by Court order.

9.    <u>Procedure for Requesting Disclosure of "Confidential – Attorneys/Experts Only" Discovery to Named Parties</u>.  Discovery marked "Confidential – Attorneys/Experts Only" may not be disclosed to the named Parties in this case unless the attorney of record for the Party to whom the "Confidential – Attorneys/Experts Only" information is to be revealed first advises all Parties and Non-Party Witness in writing of the intent to disclose such information to the client, specifically identifies information to be disclosed and Non-Party Witness consents in writing to such disclosure.  If Non-Party Witness receives a written request from opposing counsel to disclose "Confidential – Attorneys/Experts Only" information, Non-Party Witness shall respond in writing to the request, indicating whether the request is granted or denied.  For purposes of this Stipulation, Non-Party Witness agrees that a response to such a written request to disclose "Confidential – Attorneys/Experts Only" information to a Party shall be provided by no later than fifteen (15) business days from the date of receipt of the written request to disclose

"Confidential – Attorneys/Experts Only" information to a Party. The Parties and Non-Party Witness further agree that they shall meet and confer in an effort to resolve any issue concerning disclosure of "Confidential – Attorneys/Experts Only" information to a Party. If the Parties and Non-Party Witness are unable to informally resolve any dispute involving disclosure of "Confidential – Attorneys/Experts Only" information to a Party, the dispute may be presented by motion to a court by the Party seeking to disclose such information to a Party. Until the court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Party's designation

10. <u>Except as provided herein, Confidential Discovery shall not be disclosed to any non-party</u>.

11. <u>Confidential Discovery Subpoenaed or Ordered Produced in Other Litigation</u>. If a receiving Party is served with a subpoena or a court order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" or "Confidential – Attorneys/Experts Only," the receiving Party must so notify the designating Party, in writing (by fax or e-mail, if possible) immediately and in no event more than five (5) court days after receiving the subpoena or court order. Such notification must include a copy of the subpoena or court order.

The receiving Party also must immediately inform in writing the person or entity that caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order. In addition, the receiving Party must deliver a copy of this Stipulated Protective Order promptly to the issuing person or entity in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The designating Party shall bear the burden and the expenses of seeking protection in that court of its confidential material. The receiving Party shall reasonably cooperate with the designating Party in the latter's efforts to seek protection of its confidential materials, including

providing written evidentiary declarations if requested; provided, however, that nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

12. <u>Unauthorized Disclosure of Confidential Discovery</u>.  If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery to any person or in any circumstance not authorized under this Stipulated Protective Order, the receiving Party must immediately (a) notify in writing the designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Discovery; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order and (d) request such person to execute the "Promise of Confidentiality" (attached hereto as Exhibit "A").

13. <u>Conditions to be Met Prior to Disclosure</u>.  Before any information marked "Confidential – Attorneys/Experts Only" is disclosed to any persons described in Paragraph 8 above, other than the Court and the attorneys of record for the Parties, the attorney(s) for the Party attempting disclosure shall fully explain the terms of this Order and shall advise the attorneys' support staff and any expert or consultant that the Confidential Discovery is subject to this Order and the limitations imposed by this Order on the persons to whom such Confidential Discovery can be disclosed.  Further, the attorney(s) for the Party attempting disclosure shall have such persons read the Order and shall ascertain to the best of the attorneys' abilities that such persons fully understand the terms of the Order.

14. <u>Preservation of Objections to Discovery; Waiver of Certain Grounds for Objection.</u>  This order shall not constitute a waiver of the Parties' rights to object to discovery on any grounds, including but not limited to the grounds that the information sought is privileged, contains trade secrets, confidential financial information, privileged information, proprietary information, confidential business information, or confidential personal information.

15. <u>Filing with the Court</u>.  Subject to the Local Rules of the United States District Court, Eastern District of California or the United States District Court, Western District of Washington, or orders from either court, the parties agree that all Confidential Discovery filed

with a court, or any pleading or memorandum that includes or purports to reproduce or paraphrase any Confidential Discovery, shall be filed only in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of its contents, the word "Confidential," and a statement substantially in the following form, citing to the applicable rule, if available, for the particular court:

> "Confidential.  The enclosed documents are being filed in compliance with Local Rule 39-141 of the United States District Court, Eastern District of California, and pursuant to Stipulated Protective Order.  Not to be opened or the contents thereof displayed or revealed, except by Order of the Court or pursuant to written stipulation of the Parties to this action."  This envelope shall not be opened without Order of the Court, except by officers of the Court and counsel of record, who, after reviewing the contents, shall return them to the Clerk in a sealed envelope or container."

16.   <u>Use of Confidential Discovery</u>.  Confidential Discovery disclosed pursuant to this Stipulated Protective Order shall not be used other than for the purposes of this action. Documents disclosed pursuant to this Stipulated Protective Order may be used in connection with any trial or other proceeding in this case, including motions, subject to the provisions of this Order.  The use of any document designated "Confidential" or "Confidential – Attorneys/Experts Only" under the terms of this Stipulated Protective Order, at trial will be subject to the terms and conditions of this Stipulated Protective Order and Local Rule 39-141.

17.   <u>Return of Confidential Discovery</u>.  Within sixty (60) days after expiration of any and all appeals or time periods to appeal in this action, all Confidential Discovery, including all copies, notes, renderings, compilations, recordings, lists, microfilms, photographs, videos, or other references thereof or thereto, shall be returned to Non-Party Witness.   Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential Discovery.  Any such archival copies that contain or constitute Confidential Discovery remain subject to the Stipulated Protective Order as set forth in

Paragraph 1, above.

///

18. <u>Order Binding Upon Successors and Assigns</u>.  All the terms of this Stipulated Protective Order as to the designation of "Confidential" and "Confidential – Attorneys/Experts Only" documents for the purposes of this case shall be binding upon and inure to the benefit of the Parties hereto and to their successors and assigns.

19. <u>Faxed Signatures.</u>  The Parties may submit executed copies of their signatures via facsimile which shall be enforceable as original wet ink signatures.

20. <u>Execution in Counterparts</u>. This Stipulated Protective Order may be executed in counterparts, and when so executed, each counterpart shall be deemed to be an original and shall constitute one and the same instrument which may be sufficiently evidenced by one counterpart.

**IT IS SO STIPULATED:**

                      WASSERMAN, COMDEN, CASSELMAN & ESENSTEN

DATED: Dec. 5, 2011         By: ___/s/ Gregory J. Ramirez_____
                                       Gregory J. Ramirez
                                       Attorneys for Plaintiffs SABAS ARREDONDO, et al.

                                       LAW OFFICE OF MARCOS CAMACHO

DATED:  12/13/11           By: ___/s/ Mario G. Martinez_____
                                       Mario G. Martinez,
                                       Attorneys for Plaintiffs SABAS ARREDONDO, et al.

///

///

1  ///

2  ///

3
                                ATKINSON, ANDELSON, LOYA,
4                                      RUUD & ROMO

5

6  DATED: __1/3/12____         By: _____/s/ Howard A. Sagaser_____
                                          Howard A. Sagaser,
7                                            Attorneys for Defendant DELANO FARMS
                                          COMPANY
8

9
10  DATED: __12/14/11___       By: _____/s/ William C. Hahesy_____
                                          William C. Hahesy,
11                                          Attorney for Non-Party Witness ANDERSON &
                                        MIDDLETON COMPANY
12
                                        McCULLOUGH, HILL, LEARY PS
13

14  DATED: __12/16/11__        By: _____/s/ J.J. Leary_____
15                                          J.J. Leary
                                        Attorneys for Non-Party Witness ANDERSON &
16                                          MIDDLETON COMPANY

17

18                                        GRISWOLD, LaSALLE, COBB, DOWD
                                          & GIN, LLP
19

20  DATED: __12/14/11___       By: _____/s/ Michael R. Johnson_____
                                         Michael R. Johnson,
21                                          Attorneys for Defendants CAL-PACIFIC FARM
22                                          MANAGEMENT, L.P.; T&R BANGI'S
                                        AGRICULTURAL SERVICES, INC.
23

24

25

26

27

28

# EXHIBIT "A"

## PROMISE OF CONFIDENTIALITY

I, _____, declare as follows:

    1.    My [business or residential] address is _____, _____and my present occupation is _____.

    2.    I have received a copy of the **STIPULATED PROTECTIVE ORDER** regarding Confidential Discovery in the action entitled *Sabas Arredondo, et al. v. Delano Farms, et al.* filed in the United States District Court for the Eastern District of California, Fresno Division as Case No. Case No.  1:09-CV-01247-LJO-DLB

    3.    I will comply with all of the provisions of the **STIPULATED PROTECTIVE ORDER**.  I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the **STIPULATED PROTECTIVE ORDER**, and will not copy or use except for purposes of the litigation, any documents or information designated **"Confidential" or "Confidential – Attorneys/Experts Only."**

    4.    I will return any materials received under this **STIPULATED PROTECTIVE ORDER** at the conclusion of the instant case, to the Party or its counsel who originally provided said materials to me.

    5.    I hereby stipulate to the jurisdiction of the United States District Court for the Eastern District of California, Fresno Division, with regard to any proceeding to enforce the terms of the **STIPULATED PROTECTIVE ORDER** against me.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct and that this **PROMISE OF CONFIDENTIALITY** was executed on the _____ day of _____ in _____.

                                                            _____

**(PROPOSED) ORDER**

GOOD CAUSE HAVING BEEN SHOWN AND THE PARTIES HAVING STIPULATED TO THE SAME, the Court finds that the above-stated **STIPULATED PROTECTIVE ORDER** is sanctioned by the Court, and shall be and now is the Order of the Court.

**THE COURT HEREBY ORDERS AS FOLLOWS**:

    1.    All Parties in this action shall abide by the terms of this **STIPULATED PROTECTIVE ORDER** as to the disclosure of any all documents and information designated "Confidential" of "Confidential – Attorneys/Experts Only" by Non-Party Witness Anderson & Middleton Company that are produced in connection with this case.

    2.    The Clerk of the Court is hereby directed to file under seal pursuant to Local Rule 39-141 all documents marked "Confidential" or "Confidential – Attorneys/Experts Only" any/or any and all pleadings in which information from said documents (or parts thereof) is contained or disclosed without further order of this Court. This Order shall suffice for all purposes with regard to the Clerk of this Court accepting the filing of said documents or pleadings under seal. The Party seeking to file said documents or pleadings shall present a copy of this Order to the Clerk at the time of presentment of said documents or pleadings for filing under seal. No further order of this Court is necessary.

IT IS SO ORDERED.

Dated: **January 5, 2012**                  /s/ *Dennis L. Beck*
                                                    UNITED STATES MAGISTRATE JUDGE