# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABAS ARRENDONDO, et al., ) | 1:09cv01247 LJO DLB |
| Plaintiff, ) | ORDER GRANTING DELANO FARMS' MOTION FOR PROTECTIVE ORDER |
| v. ) | |
| DELANO FARMS CO., et al., ) | (Document 123) |
| Defendants. ) | |

On February 3, 2012, Defendant Delano Farms Company ("Delano Farms") filed this motion for a protective order to stay discovery directed to non-party Anderson & Middleton Company. The matter was heard on March 9, 2012, before the Honorable Dennis L. Beck, United States Magistrate Judge. Gregory Ramirez and James Perero appeared on behalf of Plaintiffs Sabas Arrendondo, Jose Cuevas, Hilario Gomez, Irma Landeros and Rosalba Landeros, individually and on behalf of all others similarly situated ("Plaintiffs"). Michael Johnson and Howard Sagaser appeared on behalf of Defendant Delano Farms.

## BACKGROUND

On July 17, 2009, Plaintiffs filed this action against Defendants Delano Farms, Cal-Pacific Management, L.P., and T&R Bangi's Agricultural Services, Inc. Plaintiffs allege causes of action under both federal and state law (Migrant and Seasonal Agricultural Worker Protection Act, California Labor Code and California Unfair Competition Law) based on allegations that they were not compensated for all time worked. Plaintiffs are seasonal, agricultural workers who

1 worked in agricultural fields and packing sheds owned by Delano Farms.  Defendants Cal-Pacific
2 Management and T&R Bangi are farm labor contractors working with Delano Farms to provide
3 its labor force.

4        On April 19, 2011, the Court certified a class of non-exempt agricultural employees of
5 Delano Farms, Cal-Pacific and T&R Bangi who performed field work at Delano Farms.  The
6 certified class excludes certain employees and is divided into four subclasses.

7        On May 27, 2011, the Court issued an order appointing Plaintiffs as representatives of the
8 subclasses and approving notice to class members.

9        On October 17, 2011, Delano Farms filed a motion to quash a subpoena served on non-
10 party Anderson & Middleton Company, a privately held corporation that owns Delano Farms.
11 The subpoena sought the production of documents and testimony of persons who could testify to
12 the authenticity of documents and the production of documents.  Delano Farms moved to quash
13 the subpoena because it was issued in the wrong court and because some of the documents
14 Plaintiffs sought were protected by the right to privacy.

15        Delano Farms withdrew the motion on November 3, 2011.

16        On January 5, 2012, the Court approved a stipulated protective order between the parties
17 and Anderson & Middleton.  The order addressed the production of documents by Anderson &
18 Middleton in response to Plaintiffs' subpoena.

19        On February 2, 2012, Delano Farms filed a motion for summary judgment, arguing that it
20 is not a joint employer of Plaintiffs or class members.  The hearing date of March 7, 2012, was
21 vacated and Plaintiffs were given until March 15, 2012, to file an opposition.  A reply is due on
22 March 22, 2012.  The matter will be submitted on the pleadings.

23        On February 3, 2012, Delano Farms filed this motion for a protective order.  Delano
24 Farms seeks to stay further discovery against Anderson & Middleton until after this Court rules
25 on Delano Farm's motion for summary judgment.

26        Plaintiffs opposed the motion on February 24, 2012, and Delano Farms filed its reply on
27 March 2, 2012.

28

**DISCUSSION**

A.   Legal Standard- Protective Order

Fed. R. Civ. P. 26(c) provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Protective orders provide a safeguard for parties and other persons in light of the otherwise broad reach of discovery. Fed. R. Civ. P. 26(c), Advisory Comm. Notes (1970); United States v. Columbia Broadcasting System, Inc., 666 F.2d 364, 368-369 (9th Cir. 1982). However, a court should not prohibit a relevant deposition "absent extraordinary circumstances" as such a prohibition would "likely be in error." Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979).

To obtain a protective order, the moving party bears the burden of showing "good cause" by demonstrating harm or prejudice that will result from the discovery. Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004). The moving party must demonstrate a "particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements." Gray v. First Winthrop Corp., 133 F.R.D. 39, 40 (N.D. Cal. 1990). In determining whether good cause exists for the protective order, the court must balance the interests in allowing discovery against the relative burdens to the parties. In re Coordinated Pretrial Proceedings, 669 F.2d 620, 623 (10th Cir. 1982); see also Wood v. McEwen, 644 F.2d 797, 801-802 (9th Cir. 1981).

B.   Analysis

Based on this Court's February 21, 2012, order, Delano Farms' motion for summary judgment will be submitted on the pleadings after its reply is filed on March 22, 2012. The ruling will inform the parties as to what claims remain in the action and what discovery will be necessary. It appears logical, then, to prohibit noticing depositions and requesting written discovery directed at Anderson & Middleton prior to a ruling that will frame the course of this action.

Although Plaintiffs argue that they may need certain discovery to prepare their opposition to summary judgment, such discovery will be forthcoming prior to the date their opposition is

due.  Moreover, the specific discovery that Plaintiffs identified at the hearing is not relevant to the joint employer issue before the Court on summary judgment.

**ORDER**

Therefore, Delano Farms' motion for a protective order is GRANTED.  Plaintiffs SHALL NOT notice depositions or request written discovery from non-party Anderson & Middleton prior to a Court ruling on Delano Farms' motion for summary judgment.  Once a ruling is issued, the Court will set a status conference to discuss the appropriate course of discovery against Anderson & Middleton, if any.

IT IS SO ORDERED.

Dated:   **March 9, 2012**                              **/s/ Dennis L. Beck**
                                                                  UNITED STATES MAGISTRATE JUDGE