IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABAS ARREDONDO, et al., | CASE NO. 1:09-cv-01247-LJO-DLB |
| Plaintiff, | **ORDER ON PLAINTIFFS' REQUEST TO SEAL DOCUMENTS** (Doc. 146) |
| vs. | |
| DELANO FARMS COMPANY, et al., | |
| Defendants. | |
| _____/ | |

## I. INTRODUCTION

Plaintiffs[1] have filed a class action suit against Defendants, Delano Farms Company ("Delano Farms"), Cal-Pacific Farm Management, L.P. ("Cal-Pacific"), T&R Bangi's Agricultural Services, Inc. ("TR Bangi"), and Does 1 through 10.[2] Plaintiffs allege that Defendants violated the Migrant and Seasonal Agricultural Worker Protection Act and engaged in various unlawful employment practices.

---

[1] Plaintiffs are Sabas Arredondo, Jose Cuevas, Hilario Gomez, Irma Landeros, Rosalba Landeros, and the class members. The class members are composed of:
>  All agricultural employees who are or have been employed, and who have worked one or more shifts as non-exempt hourly and/or piece rate workers for DELANO FARMS COMPANY, CAL-PACIFIC FARM MANAGEMENT, L.P. and/or T&R BANGI AG SERVICES, INC. in the State of California from four (4) years prior to the filing of this action.

Sabas Arredondo, Jose Cuevas, Hilario Gomez, Irma Landeros, Rosalba Landeros, and the class members will be referred to collectively as "Plaintiffs."

[2] Delano Farms, Cal-Pacific, TR Bangi, and Does 1 through 10 will be referred to collectively as "Defendants."

1

Delano Farms has filed a motion for summary judgment. Now pending before the Court is Plaintiffs' request to file certain documents under seal in connection with their opposition to Delano Farms' motion for summary judgment. For the reasons discussed below this Court, GRANTS Plaintiffs' request to seal documents.

## II. DISCUSSION

Plaintiffs request to seal Exhibits A and B attached to their request to seal documents. (Notice at Doc. 146). Exhibit A contains various emails regarding the terms of Delano Farms and TR Bangi's contract; a copy of their labor agreement; and information about customers and business associates of Anderson & Middleton,[3] Delano Farms, and TR Bangi. Exhibit B is a copy of Mike Edminster's[4] deposition which provides testimony regarding the documents contained in Exhibit A. Plaintiffs also request the Court to seal portions of their yet to be filed opposition to Delano Farms' motion for summary judgment which will reproduce or paraphrase information from Exhibits A and B. Plaintiffs argue that the Court should grant their request to seal the documents because the documents contain trade secret information.

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks omitted). In the Ninth Circuit, there is a strong presumption in favor of access to court records. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Thus, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. *Id*. at 1135. "That is, the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178-79 (internal quotation marks and citations omitted). In turn, the Court must balance the competing interests of the public and the party who seeks to keep the judicial records secret. *Id*. at 1179. "In general, 'compelling reasons' sufficient

---

[3] Anderson & Middleton Company is a non-party witness to this action.

[4] Mike Edminster is the Secretary and Treasure of both the non-party witness Anderson & Middleton Company and Defendant Delano Farms.

2

to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes.'" *Id*. at 1179 *quoting Nixon v. Warner Communications Inc.*, 435 U.S. 589, 598 (1978). For instance, "courts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

Plaintiffs contend that Exhibits A and B, attached to their request to seal documents, and any reproduction of the information in Exhibits A and B in their opposition to Delano Farms' motion for summary judgment, should be sealed because the documents reveal specific financial information regarding amounts paid to business associates of Anderson & Middleton and Delano Farms which could be used by competitors to erode Anderson & Middleton and Delano Farms' competitiveness in the table grape industry. Plaintiffs also argue that information regarding the nature of the relationship between Delano Farms and TR Bangi could be used to gain an unfair competitive advantage by other table grape growers and farm labor contractors. Because the documents in Exhibits A and B contain discussions regarding Delano Farms contract with TR Bangi, including the financial terms of their agreement, the disclosure of this information could harm the parties' competitive standing in their respective industries. *Nixon*, 435 U.S. at 598 ("courts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing."). Moreover, as Plaintiffs point out, the nature of the information in no way diminishes the public's ability to determine the nature of the proceedings or matters at issue in this litigation. Accordingly, this Court finds that the presumption of public access to these records is outweighed by the potential harm to Defendants.

This Court GRANTS Plaintiffs' request to seal Exhibits A and B attached to their request to seal documents and the portions of Plaintiffs' opposition to Delano Farms' motion for summary judgment which reproduce or paraphrase portions of Exhibits A and B.

### III. CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. ORDERS the confidential documents attached to Plaintiffs' request to seal documents and labeled as Exhibit A to be filed under seal;

2. ORDERS the transcript attached to Plaintiffs' request to seal documents and labeled as

Exhibit B to be filed under seal;

3. ORDERS the portions of Plaintiffs' opposition to Delano Farms' motion for summary judgment, which reproduce or paraphrase portions of Exhibits A or B, redacted from the publicly available version of Plaintiffs' opposition and any supporting documents filed; and

4. ORDERS Plaintiffs to email a complete, unredacted copy of its opposition to Delano Farms' motion for summary judgment to chambers, provide chambers a courtesy copy of the unredacted version (if the papers exceed 25 pages), and electronically serve Defendants an unredacted copy.

IT IS SO ORDERED.

Dated:   March 12, 2012                 /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE