IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABAS ARREDONDO et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DELANO FARMS CO., et al.,<br><br>Defendants. | 1:09-cv-01247 MJS<br><br>ORDER GRANTING IN PART MOTION FOR PROTECTIVE ORDER<br><br>(Doc. No. 378) |

Plaintiffs seek a protective order to prevent Defendants from taking depositions of thirty-eight (38) absent class members who reside outside of the Delano, California area. In response, Defendants propose starting with depositions of 16 absent class members clustered around California and Las Vegas, Nevada in an effort to determine if there is evidence of bias based on geographic location of absent class members. Plaintiffs argue that the out of range depositions would not assist Defendants because the randomness of their pilot study has already been compromised, and that there is not sufficient evidence to show bias on behalf of absent class members in the Delano, California area.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

This factual and procedural history relates only to the present discovery issue.

1

On February 21, 2014, the Court granted in part and denied in part Defendants' motion for class decertification. (ECF No. 310.) Thereafter, the parties filed a scheduling report reflecting the parties' disagreement on a method of conducting discovery relating to the liability phase of trial. (ECF No. 326.) On August 19, 2014, the Court ordered the parties to proceed with discovery in accordance with applicable law and rules but otherwise as they saw fit and necessary to pursue their respective sampling proposals. (ECF No. 330.)

Plaintiffs sought a protective order to prevent Defendants from deposing 196 absent class members as a part of a pilot study. (ECF No. 333.) On October 10, 2014, the Court denied the motion finding that that "the imposition which will result from Defendants' pilot study depositions, though not insignificant, is outweighed by the potential benefits to the process." (ECF No. 342.)

On July 10, 2015, Plaintiffs filed this second motion for a protective order to discontinue Defendants efforts to conduct depositions of absent class members outside the geographical area.[1]  (ECF No. 378.) Defendants filed an opposition to the motion on July 24, 2015 and Plaintiffs filed a reply on July 31, 2015. (ECF Nos. 384, 390.) The Court took the matter under submission without oral argument on August 4, 2015. Accordingly, the matter stands ready for adjudication.

**II.    LEGAL STANDARD**

The Federal Rules of Civil Procedure and the decisions of the Ninth Circuit Court of Appeals favor discovery to assist in the underlying goals of litigation. Pursuant to the Federal Rules, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and this "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Ninth Circuit has explained that it

---

[1] The geographical area in question is not stated. However, based on the fact that depositions previously took place in Delano and Los Angeles County, the Court will assume that any depositions beyond the San Joaquin Valley and the Greater Los Angeles area are "outside the geographical area."

favors a broad scope of discovery. "[W]ide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for truth." Epstein v. MCA, Inc., 54 F.3d 1422, 1423 (9th Cir. 1995); Dysthe v. Basic Research, L.L.C., 273 F.R.D. 625, 628 (C.D. Cal. 2011).

But the right to access information is not absolute and the court must limit the frequency or extent of discovery otherwise allowed if: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(c). "The party opposing disclosure has the burden of proving 'good cause,' which requires a showing 'that specific prejudice or harm will result' if the protective order is not granted." In re Catholic Archbishop of Portland Oregon, 661 F.3d 417, 424 (9th Cir. 2011) (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003)).

**III.    ANALYSIS**

On October 10, 2014, the Court denied Plaintiffs' request to prevent Defendants from taking some 200 depositions in furtherance of their proposed pilot study. While acknowledging the burden of such a large number of depositions, the Court found that Defendants had made a persuasive case that the discovery was necessary to determine the reliability of sampling and statistical extrapolation in determining liability and that the pilot study was reasonably limited in its scope to accomplish that purpose. It provided detailed reasoning for allowing the discovery to go forward. (ECF No. 342.)

Defendants' consultants, Kurtzman Carson Consultants ("KCC"), have identified thirty-eight (38) individuals residing in 15 different states, some quite remote, whose depositions are necessary to their sampling technique. (Mot. at 3.) Plaintiffs now move

for a protective order to prevent the taking any of these depositions at locales beyond the San Joaquin Valley and the Los Angeles area. (Mot., ECF No. 378.) They assert that the burden and expense of taking the depositions outweigh the benefit of the information that would be obtained for several reasons: (1) Defendants have admitted that the goals of their pilot study are not achievable because a representative sample capable of extrapolation has not been obtained; (2) given the parties' experience in depositions to date, many of the potential deponents will fail to appear, wasting the time and money of counsel in traveling to such distant places; and (3) that the out of area depositions will not assist in determining if there is bias based on geographical area.

Defendants respond by proposing to limit the depositions to sixteen absent class members located in California and near Las Vegas, Nevada. (Opp'n, ECF No. 384 at 2.) Defendants note that the consultant, KCC has spent nearly 2,150 staff hours and over $244,000 attempting to locate absent class members who reside within 100 miles of Delano, California. (Id.) Despite this effort, the response rate remains unacceptably low because deponents cannot be found, or if found, refuse or fail to attend depositions. (Id. at 2-3.) Only 69 of the 303 fieldworkers contacted by KCC ultimately sat for the 130 deposition slots Defendants were hoping to fill. (Id.) What was intended to be a random and stratified study turned into a sampling of residents in the Delano area.

While the pilot study has not gone according to plan, Defendants believe that further depositions will provide relevant evidence regarding whether area deponents might exhibit bias as a result of having been exposed to discussions in the media and elsewhere and communications from Plaintiffs' counsel about this case. To test this hypothesis, Defendants propose deposing 16 out of area fieldworkers located in California and Las Vegas, Nevada.[2] After reviewing the results of their attempts to depose those 16 absent class members, Defendants would be willing to revisit the propriety and method of deposing remaining out of area class members. (Id.)

---

[2] Defendants note that they have proposed several alternative plans for deposing out of area fieldworkers, including telephone depositions, but Plaintiffs have rejected all. (Opp'n at 5-6.)

4

1    Defendants acknowledge the inherent difficulty in obtaining a random, stratified
2    cross-section of the 25,000 member class. Given the poor response rate to date, they
3    believe testimony obtained so far may not be representative of the class in general.
4    Defendants believe that depositions of out of area deponents may allow for extrapolation
5    regarding local bias or its absence. Defendants pledge to remain open to means of
6    accommodating Plaintiffs' counsel and the deponents. (Id.)

7    In response, Plaintiffs argue that the out of area depositions are burdensome and
8    would not be beneficial because Defendants have not established that bias exists in
9    Delano area fieldworkers. (Reply, ECF No. 390.)

10   The Court must determine whether the "burden or expense of the proposed
11   discovery outweighs its likely benefit, considering the needs of the case, the amount in
12   controversy, the parties' resources, the importance of the issues at stake in the action,
13   and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(c).
14   The Court has already found that "given the extraordinary characteristics of this case,
15   including the large class size, the large amount in controversy, the issues with regard to
16   credibility and reliability of the evidence provided to the Court during the certification
17   phase, and the fact that it will be difficult, if not impossible, to locate and contact many of
18   the absent class members" that the benefits of Defendant's "seemingly good faith,
19   expertly designed, effort to seek relevant and reliable evidence" outweighed the burden
20   to Plaintiffs. (Order, ECF No. 342 at 13.)

21   Defendants acknowledge that the results of the pilot study have been
22   disappointing. In response, they seek now to attempt to conduct 16 additional
23   depositions from deponents residing out of the area but reasonably close by. The
24   number of depositions is not great, but it is without question that that some additional
25   effort and measureable expense will be incurred in traveling to the depositions. While
26   the reasons set forth by Defendants were not previously addressed, they appear to be
27   made in good faith and a reasonable effort to obtain discovery relevant to their defense.
28   Fed. R. Civ. P. 26(b)(1). Defendants have described several methods and specific

instances in which deponents in the Delano area might have been influenced by such things as radio announcements, mailings, union meetings and discussions with other absent class members, all pertaining to this claims in this case. (Opp'n at 4-5.) Plaintiffs argue that the described events are insufficient to show influence or bias.

It is not appropriate for the Court to yet draw conclusions regarding the evidence so far obtained. However, the Court cannot ignore that bias or influence could conceivably play a role in interpreting data obtained in a pilot study or that Defendants have identified some events rationally capable of creating bias. It is reasonable to believe that Defendants efforts can provide relevant information to assist the trier of fact in addressing this issue at trial.

In addition to being relevant to the issues presented, especially in light of the complexities of dealing with statistical and representative evidence in a class as large and diverse as this, Defendants' proposal appears reasonably tailored to obtain the information. Some travel would be involved to depose the 16 out of area deponents, but the travel is not excessive, and could result in a large amount of evidence with the least amount of effort, especially since the potential deponents are to be clustered in the same geographic areas. Based on the past experiences of the parties in conducting the depositions, it is not likely that all sixteen depositions will actually be taken. It is not an unreasonable burden for Plaintiffs' counsel to attend sixteen or fewer depositions in the California and the Las Vegas, Nevada area. (Of course, Plaintiffs also could appear by telephone or associate local counsel if necessary to save expense.)

The Court grants in part the motion for protective order and limits Defendants to the 16 potential deponents located in California and Las Vegas. While allowing the depositions to proceed, the parties should work collaboratively, and communicate openly to prevent any unnecessary effort and travel on behalf of opposing counsel to occur, if possible.

**IV.**     **ORDER**

Accordingly, it is hereby ORDERED that Plaintiff's Motion for Protective Order is

GRANTED IN PART. The Court will allow the taking of depositions of 16 potential witnesses in California and Las Vegas, Nevada, but otherwise grants, without prejudice, the motion for protective order to prevent the taking of physical depositions outside of California and Las Vegas, Nevada. If Defendants, after deposing the 16 deponents in California and Las Vegas, conclude further out of area depositions are necessary, they may initiate the discovery dispute process[3] to request permission to proceed with additional depositions.

IT IS SO ORDERED.

Dated:   October 19, 2015            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE

---

[3] I.e. Defendants would request a telephonic discovery dispute conference if good faith efforts to meet and confer with Plaintiff to resolve the issue proved unsuccessful. The parties are familiar with the process.