IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABAS ARREDONDO et al., <br><br> Plaintiffs, <br><br> v. <br><br> DELANO FARMS CO., et al., <br><br> Defendants. | 1:09-cv-01247 MJS HC <br><br> **ORDER ON DELANO FARMS COMPANY'S MOTION REGARDING PLAINTIFFS' DISCOVERY RESPONSES** <br><br> **(Doc. 414)** |

This matter comes before the Court on Delano Farms Company's Motion Regarding Plaintiffs' Discovery Responses. (ECF No. 414.) The Court, having considered Delano Farms' motion and related materials submitted by the parties (ECF Nos. 415-17, 420), hereby GRANTS the motion to the extent and in the manner set forth below.

IT IS ORDERED that not later than 5:00 p.m., Friday, March 25, 2016, Plaintiffs shall ensure that, except for documents withheld as privileged and identified as such in a verified privilege log, all of the following documents and information have been produced to Defendant Delano Farms and, further, Plaintiffs shall confirm in writing and under oath that all have been produced to Defendant:

1

1. All work product, documents, data, calculations, and information collected, created, or considered by Dr. Roberts in forming his opinions as of February 22, 2016, to include, but not necessarily be limited to:

    a. All of Dr. Roberts' statistical survey results and damage calculations, including:

        1) Writings showing how he arrived at and applied his assumptions regarding "pre-harvest" and "harvest" work.

        2) Identification of work weeks included for purposes of damage calculations including class-wide penalties and pre- shift damages.

        3) Calculations regarding averages, such as the average number of days per week and average minutes worked, for each his conclusions about pre- shift work damages.

        4) Calculations regarding margins of error.

        5) Analysis made to match the survey pool with payroll data on the 305 individuals for whom the survey was completed, the 43 who refused, the 119 not included, and for those with multiple potential matches in the payroll records and to include information disclosing which payroll data he decided to rely upon and why.

        6) MonteCarlo simulations actually run by and relied upon by Dr. Roberts in a form that enables Defendant to duplicate the simulations.

    b. All of Dr. Roberts' notes and communication including those setting forth his plans, instructions, and progress for the design, implementation, and analysis of information to be collected from the focus groups, mail survey, and in-person survey and including notes or copies of communications with others regarding his work on this project.

2. All California Survey Research Services ("CSRS") documents relating to this litigation and CSRS's work in connection with it, specifically identifying all communications and other documents to and from CSRS and all other documents created by CSRS in connection with this litigation, to include but not necessarily be limited to:

    a. Attachments to emails produced or to be produced in accordance with this Order.

    b. Access to inaccessible documents produced such as CSRS's records of its attempts to validate survey responses (the "Validation Study") from a subset of respondents by telephone; to the extent necessary, Plaintiff's response shall include arranging a reasonable, mutually agreeable, time for Defendant to inspect and image the information at CSRS's offices.

    c. Access, in the same manner accessed by CSRS, to now disabled URL links and web-based content referenced in CSRS's work.

    d. Training materials regarding the door-to-door procedures and survey questions.

    e. Regular progress reports that CSRS agreed to email Dr. Roberts.

    f. Information reflecting how the rate of response from the approximate 10,744 individuals in the Delano Farms "study" was determined.

    g. Information provided by individuals who reportedly refused to complete the survey.

    h. Any and all notes, memoranda, recordings, etc. reflecting the time, place, parties to, and contents of communications between and among CSRS, Dr. Roberts, and BMR.

3. All Bakersfield Market Research ("BMR") documents relating to this litigation and BMR's work in connection with it, specifically identifying all communications and other documents to and from BMR and all other documents created by BMR in connection with this litigation, to include but not necessarily be limited to:

   a. Internal communications.

   b. Field notes of each individual who conducted in-person interviews.

   c. Training instructions to include interview instructions, record-keeping protocols, and hand-written notes regarding the survey process.

   d. Internal payment records reflecting BMR's compensation of its interviewers including time records and travel and other cost reimbursements.

   e. Documents reflecting who was to be solicited for an interview and who was not and who actually was interviewed and who was not and why.

   f. Attachments to emails produced or to be produced in accordance with this Order.

4. Verification under oath that, except as described in a privilege log or proper objection compliant with applicable provisions of the Federal Rules of Civil Procedure, all documents described above and all other documents otherwise requested through discovery in this case have been produced.

IT IS SO ORDERED.

Dated:   March 22, 2016                    /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE