IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABAS ARREDONDO et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>DELANO FARMS CO., et al.,<br><br>   Defendants. | 1:09-cv-01247 MJS<br><br>**ORDER REGARDING PLAINTIFFS' DECEMBER 13, 2016 STATUS REPORT**<br><br>**(Doc. 469)** |

The Court is in receipt of Plaintiffs' December 13, 2016 status report. (ECF No. 469.)

As the Court advised during the December 2, 2016 telephonic conference in this case, the proposed settlement as originally presented to the Court appears fair and destined for approval by the Court if finalized. However, four of the six named class representatives seek to increase their enhanced awards from $7000 to $50,000 each and reportedly have declined to sign the settlement agreement unless they are heard on their request.

The Court believes that the requests to increase the enhanced award creates a conflict between the interests of the requesters and the interests of the remaining

members of the class. See Rodriguez v. West Publ'g Corp., 563 F.3d 948, 960 (9th Cir. 2009); see also Staton v. Boeing Co., 327 F.3d 938, 977-78 (9th Cir. 2003) (declining to approve a class settlement when the class representatives were "more concerned with maximizing [their own] incentives than with judging the adequacy of the settlement as it applies to class members at large.")). The increased incentive awards, if allowed, would diminish the funds payable to the class by $172,000, or roughly 5% of the net settlement fund of approximately $3,455,000. That is not an insignificant amount. Excessive incentive awards may put the class representative in a conflict with the class and present a "considerable danger of individuals bringing cases as class actions principally to increase their own leverage to attain a remunerative settlement for themselves and then trading on that leverage in the course of negotiations." Rodriguez, 563 F.3d at 960 (citing Staton, 327 F.3d at 976-77). Aside from financial considerations, presenting such claims while declining to sign the settlement agreement necessarily delays and could very well jeopardize the proposed settlement.

The Court is available to hear the contentions of the four class representatives either formally on noticed motion, or if all parties agree, informally. The four class representatives alternatively may reserve the right to seek an increased award at and in connection with the final class settlement approval. However, regardless of when or how they present their increased demands, it appears to the Court present counsel would have a conflict of interest in representing these four class representatives while also representing the entire class.

The Court is aware that the Ninth Circuit has held that "district courts should have discretion to deal with the unique complexities and ethical concerns involved in class action lawsuits" and apply a pragmatic approach to protect the best interests of absent class members rather than apply an automatic disqualification rule. Radcliffe v. Hernandez, 818 F.3d 537, 545 (9th Cir. 2016) (citing Rodriguez v. Disner, 688 F.3d 645, 655 (9th Cir. 2012)). Plaintiffs' counsel argues that no conflict has yet arisen as the four class members have not made a final decision regarding whether to sign the settlement

agreement. (See ECF No. 469 at 5.) Based on reduction of the net settlement fund available to the class, and the fact that the actions of the four class representatives is delaying and could jeopardize the settlement agreement, if the four representative class members insist on seeking increased enhancement awards of $50,000, they must obtain counsel independent of counsel for the class.  If the four obtain independent counsel, the Court is not presently aware of any reason current class counsel could not continue to represent the class or any reason why the remaining class representatives, Jose Cuevas and Isidro Paniagua, could not continue to serve as adequate class representatives. See Rodriguez, 563 F.3d at 961.

Plaintiffs are hereby ORDERED to notify the Court and all parties by Wednesday, December 21, 2016 how they intend to proceed.

IT IS SO ORDERED.

Dated:   December 14, 2016           /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE