# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABAS ARREDONDO, JOSE CUEVAS, HILARIO GOMEZ, IRMA LANDEROS, and ROSALBA LANDEROS individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DELANO FARMS COMPANY, a Washington State Corporation; CAL-PACIFIC FARM MANAGEMENT, L.P.; T&R BANGI'S AGRICULTURAL SERVICES, INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | NO.   1:09-cv-01247-MJS<br><br>**ORDER OF CERTIFICATION OF SETTLEMENT CLASS AND PRELIMINARY APPROVAL OF JOINT STIPULATION OF SETTLEMENT OF CLASS ACTIONS**<br><br>The Honorable Michael J. Seng |

Plaintiffs Sabas Arredondo, Jose Cuevas, Hilario Gomez, Irma Landeros, Rosalba Landeros, and Isidro Paniagua (collectively the "Representative Plaintiffs" and each a "Representative Plaintiff"), on behalf of themselves and the proposed Settlement Class, have filed a motion asking the Court to certify the Settlement Class

and grant preliminary approval of the Joint Stipulation of Settlement of Class Actions ("Settlement Agreement").  (*See* ECF No. 463.)  The Settlement Agreement is dated November 18, 2016 and has been entered into by DELANO FARMS COMPANY ("Delano Farms"); CAL-PACIFIC FARM MANAGEMENT, L.P., T&R BANGI'S AGRICULTURAL SERVICES, INC., KERN AG LABOR MANAGEMENT, INC., and ELITE AG LABOR SERVICES, INC. (collectively, the "Contractors"), and the Representative Plaintiffs, including Isidro Paniagua, on their own behalf and on behalf of both the previously certified class in the *Arredondo* Action and the Settlement Class, certified by this Order.

   The Motion and Defendants' Notice of Non-Opposition were filed on November 18, 2016.  Pursuant to Local Rule 230(g) the parties have stipulated and the Court has ordered that the Motion may be submitted upon the record and briefs on file and without the need for a hearing.  Having considered the Settlement Agreement along with the Motion, the Declaration of Mario Martinez in support of the Motion, and other documents filed in this action, the Court finds good cause for issuing an order certifying the settlement class and preliminarily approving the Settlement Agreement.

   IT IS HEREBY ORDERED THAT:

   1. The Court grants the request for preliminary approval of the Settlement Agreement.  All defined terms contained in this order shall have the same meaning as set forth in the Settlement Agreement.

     a. The Court finds that the Settlement Agreement is within the range of what is fair, adequate, and reasonable as set forth in Federal Rule of Civil Procedure 23(e)(2).  The Court further finds that the Settlement Agreement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, and does not improperly grant preferential treatment to the Representative Plaintiffs or segments of the Settlement Class.

ORDER OF CERTIFICATION OF  SETTLEMENT CLASS
AND PRELIMINARY APPROVAL OF SETTLEMENT - 2

No. 1:09-cv-01247-MJS

b.  The Settlement Agreement is the result of extensive, well-informed, good-faith, and arm's-length negotiations.  Over the seven-year history of the *Arredondo* litigation, the parties have participated in mediation sessions with four different professional mediators and engaged in direct negotiations.  In total, the parties have spent seven days mediating with neutrals.  The most recent mediation, which resulted in the Settlement Agreement, also included negotiations over the *Paniagua* Action.

c.  Both class counsel and Defendants' counsel are experienced and capable litigators and have assessed the claims' strengths and weaknesses and the benefits of settlement.  The parties have engaged in lengthy class and merits-based discovery.  This has included more than 160 depositions and the production of more than 500,000 pages of documents plus the electronic payroll records of the Bangi defendants from July 2005 through April 2011.  While no class has been certified in *Paniagua*, the parties appear to thoroughly understand its factual predicate by virtue of having litigated the *Arredondo* Action for the last seven years.  Payroll records and written policies at issue in the *Paniagua* Action were voluntarily provided to Mr. Paniagua's counsel in advance of the most recent mediation and have informed the agreement as to the Settlement Amount.

d.  The Settlement Agreement confers a substantial benefit on the Settlement Class, because there is a significant risk to them of continued litigation of the *Arredondo* and *Paniagua* Actions.

e.  The Court preliminarily approves the Settlement Amount of $6,000,000.00.  All payments to the Settlement Class and/or anyone else in connection with, arising from, relating to, or in consideration of the Settlement Agreement or the resolution of the *Arredondo* Action or the *Paniagua* Action shall come from this Settlement Amount.  The Net Settlement Amount shall be calculated by

subtracting the following from the Settlement Amount: (i) the amount of the Representative Plaintiffs' Enhancement Awards not to exceed $7,000 for Sabas Arredondo, Irma Landeros, Rosalba Landeros, Hilario Gomez, and Jose Cuevas[1] and $2,000 for Isidro Paniagua, for a total of $37,000; (ii) Class Counsel's requested attorneys' fees of 25% of the Settlement Amount or $1,500,000; (iii) Class Counsel's costs in the amount of $508,176.28; (iv) the estimated $185,000.00 to be paid to Kurtzman Carson Consultants ("KCC") and the community-outreach administrator for their fees and costs in connection with administering and implementing the Settlement Agreement; (v) any and all Taxes or other payments due in connection with or as a result of the payments to the Settlement Class Members; and (vi) any other portion of the Settlement Amount that is not distributed to the Settlement Class pursuant to the Plan of Allocation.  The Court finds that these estimated payments and the method for calculating the Net Settlement Amount is within the range of what is fair, adequate, and reasonable and is preliminarily approved by the Court.

    f. The Court finds on a preliminary basis that the Plan of Allocation for distributing the Net Settlement Fund to Claiming Class Members is also within the range of what is fair, adequate, and reasonable and is preliminarily approved by the Court.  Class Counsel's determination that weeks worked in the earlier part of the class period should be assigned a higher value is proper to account for changes in practice that appear to have taken place.

  2. The Court approves the Settlement Agreement's plan for providing notice of the certification of the Settlement Class, the Settlement Agreement, and the

---

[1] As previously reported to the Court and the parties, the enhancement award requested for Plaintiff Jose Cuevas should have been $7,000,00, not $$2,000.00  The $2,000.00 was properly requested for Mr. Isidro Paniagua, who is a more recent Plaintiff in the *Paniagua* action.  This error was brought to the attention of the Court and the parties during prior telephonic conferences, and in Plaintiffs' December 13, 2016 status report.  (*See* ECF No. 469 at 2, n.1.)

ORDER OF CERTIFICATION OF  SETTLEMENT CLASS
AND PRELIMINARY APPROVAL OF SETTLEMENT - 4

No. 1:09-cv-01247-MJS

Fairness and Final Approval hearing to the Settlement Class.  Notice is being provided in a form most likely to reach the Settlement Class under the circumstances and constitutes valid, due, and sufficient notice to the Settlement Class in compliance with the requirements of applicable law, including Federal Rule of Civil Procedure 23 and the due-process requirements of the United States Constitution and California Constitution.  The Settlement Agreement shall be binding on all Settlement Class Members who do not opt out of the Settlement, regardless of whether they actually receive the Class Notice.

3. The Court has reviewed and approves, as to form and content, the Class Notice, which consists of:  the Notice of Proposed Class Action Settlement and Certification of Settlement Class (attached to the Settlement Agreement as Exhibit B); the Claim Form, which will include an individualized Notice of Anticipated Settlement Share (substantially in the form of Exhibit C to the Settlement Agreement but including the information for each Settlement Class Member); and the Opt-Out Form (substantially in the form of Exhibit D to the Settlement Agreement).  The Class Notice is deemed sufficient to inform Settlement Class Members of the terms of the Settlement, their rights, and the process for exercising their rights under the Settlement Agreement, including their rights to object, receive a share of the Net Settlement Amount or exclude themselves, and the date and location of the Final Approval Hearing.

4. The Court appoints and designates KCC as the Settlement Administrator and authorizes Class Counsel, in consultation with KCC, to engage a community-outreach administrator to assist with notifying Class Members of the settlement, completing and submitting claim forms, answering questions about the settlement, and updating addresses and contact information for Class Members.  All costs and expenses for or relating in any manner to the administration of the Settlement,

including without limitation the fees of the Settlement Administrator and the community-outreach administrator, will be paid from and out of the Settlement Amount. The Court directs the Settlement Administrator to notify the Settlement Class in accordance with the procedures set forth in the Settlement Agreement, including mailing the approved Class Notice documents to the Settlement Class Members.

5. Except as otherwise indicated in paragraphs 52, 57, 58(b), (c), (f), & (h), and 64 of the Settlement Agreement, Defendants, the Released Parties, and defense counsel shall have no responsibility or involvement with regard to administering the Settlement Fund, processing of claims, or distribution of payments to class members. Plaintiffs and their counsel shall communicate with the Settlement Administrator as necessary to achieve compliance with the Settlement approved by the Court, provided that all communications concerning material matters or requiring the approval of or notice to Defendants under the Settlement Agreement are copied or otherwise contemporaneously provided to defense counsel.  Nor shall Defendants and the Released Parties have any responsibility or liability for, relating to, or arising from or in connection with the appointment of the Settlement Administrator, any actions or omissions by the Settlement Administrator, its agents, or the agents of Class Counsel, or any obligation or liability of the Qualified Settlement Fund.  Without limitation, Defendants and the Released Parties are not responsible and shall have no liability in connection with the distribution of any unclaimed funds or any obligation to remit such funds to the State of California, the failure to obtain or report accurate taxpayer information, the failure to withhold, remit, or pay sufficient Taxes, or the calculation and distribution of payments to Settlement Class Members.  Settlement Class Members are responsible for and may owe taxes to the extent their obligations have not been fully withheld.

6. The Settlement Administrator shall send Settlement Class Members, by first-class mail to their last known address (after performing address updates and verifications as appropriate prior to the first mailing), the Class Notice ("First Mailing") within 90 days of entry of this order.  Upon receipt of information that a Settlement Class Member did not in fact receive the Class Notice in the First Mailing (e.g., by the post office's return to the Settlement Administrator of the First Mailing sent to that individual), the Settlement Administrator shall undertake reasonable efforts to determine the correct address for those Settlement Class Members who did not receive the First Mailing.  Then, within 115 days after entry of this order, the Settlement Administrator will execute a second mailing of Class Notice to those Settlement Class Members whose previous Class Notices were undeliverable and for whom the Settlement Administrator has located an alternative address through skip-tracing or other means ("Second Mailing").

7. No later than the date of the First Mailing, if the Settlement Administrator deems it a reasonable basis for disseminating Class Notice and collecting forms from the Settlement Class, the Settlement Administrator shall establish and maintain a website, in each of English, Spanish, and Tagalog, the content of which shall be subject to the prior approval by all parties (or, if the parties cannot agree, the approval of the Court).  The website (if any) shall include the Class Notice materials (except for the Claim Form with individualized Notice of Anticipated Settlement Share) and information about how Settlement Class Members can contact the Settlement Administrator.

8. No later than the date of the First Mailing, the Settlement Administrator shall also set up and maintain a toll-free telephone information line, which shall be staffed by persons able to competently answer questions in English, Spanish, and Tagalog.  The scripts or points to be used in responding to such inquiries shall be

subject to the prior approval by all parties (or, if the parties cannot agree, the approval of the Court).

9. The Settlement Administrator shall also establish radio public-service announcements (PSAs) and place advertisements in English, Spanish, and, to the extent available, Tagalog language media and/or publications that serve the Delano, Bakersfield, and Visalia areas and take other steps to publicize the Settlement and to solicit correct address information from the Settlement Class, modeled on the Class Notice.  The Settlement Administrator shall place such advertisements and announcements in those media and publications, and at times and frequencies, that it deems appropriate, following consultation with counsel for Plaintiffs.  Class Counsel shall seek agreement from Defendants' counsel as to the content, placement, and timing of these PSAs and advertisements.  If the parties are unable to agree, they will promptly seek resolution from the Court through a joint motion setting forth their respective positions.

10. Upon reasonable request, the Settlement Administrator shall provide periodic reports to all counsel identifying the efforts taken to provide actual notice to Settlement Class Members, such reports to include without limitation the number of mailings sent out, the number of notices returned undeliverable, the number of persons who have responded to the PSAs, the number of phone calls received, and the efforts taken to identify proper addresses for the Settlement Class Members.

11. Only those Settlement Class Members who submit a timely and complete Claim Form to the Settlement Administrator as provided in the Settlement Agreement and Class Notice will be entitled to receive a share of the Net Settlement Fund as set forth in the Plan of Allocation.  Settlement Class Members who fail to submit valid Claim Forms will be bound, together with all Settlement Class Members, by all terms of the Settlement Agreement, including the releases, as well as the terms

of the Order and Final Judgment to be entered and will be barred from bringing any action against any of the Released Parties concerning any of the Released Claims.

12.     As part of the Class Notice documents, Settlement Class Members will be provided with a Claim Form, which includes their Notice of Anticipated Settlement Share.  Whether or not he or she submits an objection to all or part of the Settlement, a Settlement Class Member may dispute his or her Anticipated Settlement Share, or the data used to calculate the Notice of Anticipated Settlement Share, within 135 days after entry of this order.

13.     Any Settlement Class Member may choose to opt out and be excluded from the Settlement as provided in the Settlement Agreement and Class Notice by timely submitting an Opt-Out Form.  Any person who opts out will not be bound by the Settlement Agreement and will have no right to receive a share of the Settlement or to object to the Settlement Agreement.  Settlement Class Members who do not opt out shall be bound by all determinations of the Court, the terms of the Settlement Agreement, and the Final Order and Judgment.

14.     Pursuant to the Federal Rule of Civil Procedure 23(e)(5), Settlement Class Members may object to the terms of the Settlement Agreement by filing a timely and complete objection with the Court.  Those who object may appear and present their objections at the Fairness and Final Approval Hearing in person or by counsel, provided that they include a statement of their intention to appear in the objection that they file with the Court.  Settlement Class Members shall be permitted to withdraw their objections in writing by filing a withdrawal statement not later than five business days prior to the Court's Fairness and Final Approval Hearing.

15.     For the sole purpose of effectuating the Settlement Agreement and with no other effect on this or any other litigation should the Settlement Agreement not ultimately become both effective and final, the Court has found the requirements of

Federal Rule of Civil Procedure 23(a)(1)–(4) and (b)(3)(A)–(D) satisfied for the proposed Settlement Class.  Certification pursuant to this order shall not be construed as an admission by Defendants that this action is appropriate for class treatment for litigation purposes.  Entry of this order is without prejudice to Defendants' rights to oppose certification of a litigation class in this action should the Settlement Agreement not be finally approved or not become effective.  The Court grants Plaintiffs' request to certify the following Settlement Class:

> [A]ny and all individuals who are or were employed as non-exempt agricultural employees of Cal-Pacific Farm Management, LP, T&R Bangi's Agricultural Services, Inc., Kern Ag Labor Management, Inc., La Vina Contracting, Inc., or Elite Ag Labor Services, Inc. and performed work at Delano Farms in California between July 17, 2005 and the date of entry of the Order of Certification and Preliminary Approval who do not opt out, excluding those who worked only as irrigators, tractor drivers, or swampers or only in cold storage.  This includes employees, without limitation, who previously opted out of the previously certified class in the *Arredondo* Action. For clarity, the phrase "performed work at Delano Farms in California" as used in this paragraph does not include work performed at premises other than Delano Farms, such as Blanc Vineyards and Red Cedar Vineyards in Paso Robles.

16. The Court appoints and designates the Representative Plaintiffs to serve as the representatives of the Settlement Class.  The Court also appoints Isidro Paniagua to serve as a representative of the Settlement Class effective upon the filing of the Amended *Arredondo* Complaint.

17. After the material terms of the Settlement Agreement were negotiated and Plaintiffs filed the motion for preliminary approval on November 18, 2016 (ECF No. 463), four of the Representative Plaintiffs reportedly expressed to Class Counsel that they wanted a greater enhancement award and accordingly did not then sign the final Settlement Agreement.  Current Class Counsel (defined below in paragraph 19) promptly notified the Court and the parties of the situation and conveyed the request of these four representatives for a conference with the Court to have their questions

addressed.  (*See* ECF No. 469.)  The Court was willing to grant the request for a conference but noted that, in seeking to increase the enhancement award, the four Representative Plaintiffs were taking a position that was at odds with the interest of the remaining class members.  (ECF No. 470, at 1–2.)  The Court further noted that Current Class Counsel could not continue to represent the four Representative Plaintiffs who were seeking the higher award and that, if Plaintiffs wanted to address the Court, they had to execute a substitution of attorney.  (*Id.* at 2.)  Because the four Plaintiffs did not agree to substitute out their current attorneys, Current Class Counsel gave notice of their motion to withdraw, to be heard on January 27, 2017.  (ECF No. 475.)  The four Representative Plaintiffs seeking the higher enhancement award appeared at the hearing, where they were able to address their concerns about the amount of their enhancement awards with the Court and stated that they otherwise supported the Settlement Agreement.  The four Plaintiffs indicated at that hearing that they would sign the Settlement Agreement as written.  The Court noted that, if Plaintiffs signed the Settlement Agreement, the conflict that appeared to have existed would have been resolved and gave the four Representative Plaintiffs another week to consider how they wished to proceed.  (ECF No. 476.)  The four Representative Plaintiffs subsequently signed the Settlement Agreement.  (*See* ECF Nos. 477, 478.)  Current Class Counsel accordingly requested to withdraw their pending motion to withdraw as counsel for the four Representative Plaintiffs, and the Court granted that request.  (*See* ECF No. 479.)

18.     The Court finds that any conflict potentially created by the reported request for higher enhancement awards was not inherent but curable and that it was cured when the four Representative Plaintiffs voluntarily chose to sign the Settlement Agreement following the January 27, 2017 hearing.  The Court therefore finds that there is no conflict between these four Representative Plaintiffs and the remainder of

the class on that basis; nor does Current Class Counsel have any conflict in continuing to represent all Representative Plaintiffs and the class.  There is no reason to think that the Representative Plaintiffs will not prosecute the execution of the settlement vigorously, as they did the underlying litigation.

19. The Court appoints and designates Martinez Aguilasocho & Lynch, APLC; Law Office of Ball & Yorke; and Law Office of Wilcoxen Callaham, LLP (collectively, "Current Class Counsel") as counsel for the Settlement Class.  The Court finds that notwithstanding the potential conflict addressed above, Current Class Counsel has been and remains adequate to represent the previously certified *Arredondo* class as well as the Settlement Class and its Representative Plaintiffs.  When Current Class Counsel reportedly learned that four of the Representative Plaintiffs might want larger enhancement awards, they promptly brought the issue to the Court's attention and took steps to resolve it, as was proper, and the perceived temporary conflict has since been resolved.

20. Current Class Counsel is authorized to act on behalf of the Representative Plaintiffs and Settlement Class with respect to all acts required by, or which may be given pursuant to, the Settlement Agreement or such other acts that are reasonably necessary to consummate the proposed Settlement Agreement.  Any Settlement Class Member may object to the Settlement Agreement and enter an appearance through his or her own counsel at the Settlement Class Member's own expense.

21. No later than 14 days before the deadline for the Settlement Class to file objections and return Opt-Out and Claim Forms, Class Counsel will file its Motion for Attorneys' Fees and Costs and Representative Plaintiffs' Enhancement Awards, to be heard concurrently with the Motion for Final Approval of the Settlement at the Fairness and Final Approval Hearing.

22. The deadline for filing a Motion for Final Approval of the Settlement and all papers in support of the Order and Final Judgment will be 15 days before the Fairness and Final Approval Hearing. The deadline for the filing a response to any objections to the Settlement Agreement will also be 15 days before the Fairness and Final Approval Hearing.

23. The Court directs the parties to submit a proposed scheduling order, in accordance with the deadlines set forth in the Settlement Agreement, within 10 days of entry of this order. The proposed scheduling order will include a proposed date and time for the Fairness and Final Approval Hearing to determine all necessary matters concerning the Settlement, including whether the proposed Settlement Agreement's terms are fair, adequate, and reasonable and should be finally approved by the Court and whether a judgment should be entered. The Fairness and Approval Hearing will be held no earlier than 90 days following the completion of the CAFA Notice and will take place in Courtroom 6 on the 7th floor at 2500 Tulare Street, Fresno, CA 93721. The Court will hold a hearing on Class Counsel's Motion for Attorneys' Fees and Costs and the Representative Plaintiffs' Enhancement Payment at the same time.

24. Upon Final Approval, all Settlement Class Members who have not submitted timely and complete Opt-Out Forms will be deemed to have forever released and discharged the Released Parties from the Released Claims. The Representative Plaintiffs will be deemed to have forever released and discharged the Released Parties, and the Released Parties will be deemed to have forever released the Representative Plaintiffs, from and of not only the Released Claims but any and all claims, known or unknown, as of the date of entry of the Order of Certification and Preliminary Approval. In addition to and in connection with the Released Claims, the Representative Plaintiffs and Released Parties each for himself, herself, or itself

waives the provisions of California Civil Code § 1542 as set forth and defined in the Settlement Agreement.

25.   Each Defendant will have the absolute right, in the exercise of its sole discretion, to terminate in its entirety the Settlement Agreement *ab initio* in the event that 1% or more of the Settlement Class Members submit an Opt-Out Form.  If any Defendant so elects, it will notify the other Defendants, Current Class Counsel, and the Court of its election within 195 days after entry of this order and the Settlement shall be terminated.

26.   Any Party to the Settlement Agreement shall have the right to terminate the Settlement by providing written notice of election to do so ("Termination Notice") to all other Parties hereto within 20 days of the date upon which any of the following conditions may occur:

    a.   The Court declines to enter the Final Order and Judgment in substantially the form of Exhibit E attached to the Settlement Agreement and granting entirely the relief requested (provided, however, that the failure to award fees in the precise amount requested shall not be a basis for terminating the Settlement);

    b.   The Representative Plaintiffs and Current Class Counsel fail to file the Amended *Arredondo* Complaint in precisely the form of Exhibit A to the Settlement Agreement;

    c.   The Final Order and Judgment is modified or reversed in any material respect by the Court or the United States Court of Appeals or the United States Supreme Court;

    d.   An Alternative Judgment is modified or reversed in any material respect by the Court or the United States Court of Appeals or the United States Supreme Court; or

ORDER OF CERTIFICATION OF SETTLEMENT CLASS
AND PRELIMINARY APPROVAL OF SETTLEMENT - 14
No. 1:09-cv-01247-MJS

e. The Court declines to dismiss the *Paniagua* action with prejudice and without costs to any party.

Before issuing such Termination Notice, however, the parties shall meet and confer and make reasonable efforts to address changes that might allow a revised settlement to be reached that would then be submitted for approval.

27. In the event the Settlement is terminated or fails to become effective for any reason, the parties to the Settlement Agreement shall be deemed to have reverted to their respective litigation positions as of August 24, 2016 and, except as otherwise expressly provided, the parties shall proceed in all respects as if this Settlement Agreement and any related orders had not been entered. In such event:

a. The Settlement Agreement shall have no force and effect, no party shall be bound by any of its terms, and nothing in it may be used against any party in this or in any other proceeding (except that any party may enforce the provisions of the Settlement Agreement regarding termination or the effect of such termination);

b. No pleading, brief, motion, or other submission to the Court relating to the Settlement (the "Settlement Submissions"), shall constitute an admission of any party of any kind or shall limit any claim, defense, or argument in any way, whether substantive or procedural; and nothing in any Settlement Submission may be used against any party in this or in any other proceeding (except that any party may enforce the provisions of the Settlement Agreement regarding termination or the effect of such termination);

c. Defendants shall have no obligation to make any payments;

d. This Order of Preliminary Approval and Certification and/or the Final Order and Judgment, or any similar orders and related findings or conclusions,

shall be vacated, shall be of no effect whatsoever, and may not be used against any party in this or in any other proceeding;

  e. The Amended *Arredondo* Complaint, the Motion for Certification of the Settlement Class and Preliminary Approval of the Settlement, and any submissions in favor of the Settlement or the Order and Final Judgment shall all be withdrawn, and the Parties will proceed to litigate the *Arredondo* Action and the *Paniagua* Action with respect to the pleadings on file as of the time of execution of the Settlement Agreement;

  f. Any order amending the complaint in the *Arredondo* Action or certifying a settlement class shall be vacated, shall be of no effect whatsoever, and may not be used against any party in this or in any other proceeding;

  g. The Settlement Agreement and Settlement Submissions, and all negotiations, statements, documents, and proceedings relating thereto, shall be deemed confidential and not subject to disclosure for any purpose in any proceeding; and

  h. Any portion of the Settlement Amount previously paid or caused to be paid by Defendants, together with any interest earned thereon, less any Taxes due with respect to such interest, and less the costs of administration and notice actually incurred, whether paid or not paid, shall be returned within 10 business days to the Defendants. To the extent that any portion of any payment already made by the Defendants cannot be returned, Defendants shall receive credit for that payment such that any judgment or other settlement ultimately obtained by the Plaintiffs or any class certified in the *Arredondo* Action and/or the *Paniagua* Action shall be reduced by an identical amount.

 28. All proceedings in the *Arredondo* Action and in the *Paniagua* Action, other than such proceedings as may be necessary to carry out the terms and

ORDER OF CERTIFICATION OF SETTLEMENT CLASS
AND PRELIMINARY APPROVAL OF SETTLEMENT - 16
No. 1:09-cv-01247-MJS

conditions of the Settlement, are hereby stayed and suspended until further order of this Court.  Pending final determination whether the Settlement should be approved, Plaintiffs, the Settlement Class, and Class Counsel are barred and enjoined from commencing or prosecuting any action asserting any claims that are or relate in any way to the Released Claims described in the Settlement Agreement.  This stay shall remain in effect pending further order of the Court.

29.    Neither the Settlement Agreement nor any provisions contained in the Settlement Agreement, nor any negotiations, statements, or proceedings in connection therewith, nor any action undertaken pursuant thereto shall be construed as, or deemed to be evidence of, an admission or concession on the part of the Plaintiffs, the Defendants, any member of the Settlement Class, or any other person or entity, of any liability or wrongdoing by them, or any of them, or as to the strength or weakness of any claim or defense, and shall not be offered or received in evidence of any action or proceeding (except an action to enforce the Settlement Agreement), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature.

IT IS SO ORDERED.

Dated:  February 14, 2017          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

ORDER OF CERTIFICATION OF SETTLEMENT CLASS
AND PRELIMINARY APPROVAL OF SETTLEMENT - 17
No. 1:09-cv-01247-MJS