UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABAS ARREDONDO, et al., | Case No. 1:09-cv-01247-MJS |
| Plaintiffs, | ORDER REGARDING PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS |
| v. | (ECF NOS. 501, 502) |
| DELANO FARMS COMPANY, et al., | |
| Defendants. | |

In relation to final approval of the settlement of these class actions, Plaintiffs have filed a motion for attorney's fees and costs. (ECF Nos. 501, 502, 521.) This order is directed solely at Plaintiffs' request for costs.

The request seeks costs on behalf of five law firms that represented Plaintiffs during the lengthy course of this action. It is supported by the declaration of Mario Martinez, current class counsel and an attorney at one of the five firms. He submits cost billing for each of the five firms and states that the billing was provided to him by those firms for use in the motion. No declaration is submitted by any representative of Ball & York or Wilcoxen Callaham attesting that the costs actually were incurred in the course

of this litigation, or that they were necessary for prosecution of this action.[1] Furthermore, no support is provided for any of the costs, other than the description listed on the cost billing. No invoices, receipts, copies of checks, or postage and copy logs accompanied the request. As some of the billing is only minimally descriptive, the Court is unable to discern the nature of all of the claimed costs.

The district court has discretion to determine an appropriate award of costs and expenses. See Fed. R. Civ. Proc. 23(h) ("In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement.") "[L]litigation related costs are reimbursable as long as they are necessary expenses incurred in furnishing effective representation." In re Media Vision Tech. Sec. Litig., 913 F. Supp. 1362, 1372 (N.D. Cal. 1996). "Attorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters." In re Omnivision Techs., Inc., 559 F. Supp. 2d 1036, 1048 (N.D. Cal. 2008) (citing Harris v. Marhoefer, 24 F.3d 16, 19 (9th Cir. 1994)). "Expenses such as reimbursement for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, documents scanning, and visual equipment are typically recoverable." Rutti v. Lojack Corp., Inc., No. SACV 06–350 DOC (JCx), 2012 WL 3151077, *12 (C.D. Cal. July 31, 2012). On the other hand, courts should not award reimbursement for duplicative or unreasonable costs, such as "first class airplane tickets, luxury hotel accommodations, and gourmet dinner meetings" at the expense of a common fund recovery. In re Media Vision, 913 F.Supp. at 1372.

In order to assist with the Court's evaluation of counsels' cost requests, Ball & York or Wilcoxen Callaham are HEREBY ORDERED to either withdraw their requests

---

[1] In relation to the fee dispute between current and former class counsel, Wasserman, Comden, and Casselman, LLP, provides a declaration stating that the costs were expended during the time that firm was lead counsel in this matter. (ECF No. 494-1.) Also in relation to the fee dispute, Myers, Widders, Gibson, Jones, & Feingold, LLP, provides a declaration stating that the cost bill is a true and correct copy of its record of costs incurred on behalf of Plaintiff. (ECF No. 499-1.) Martinez, Aguilasocho & Lynch submitted a similar declaration with their supplemental submission. (ECF No. 521.)

for costs or supplement same with a sworn declaration from a person competent to attest that the costs presented were actually and necessarily incurred on behalf of the Plaintiffs in this action.

Additionally, all counsel are HEREBY ORDERED to supplement their requests by identifying, by date, description, and amount sought, of all costs associated with the falsified survey conducted by California Survey Research Services, including costs of the survey, depositions, expert invoices, travel expenses, copying and messenger services, or any other costs associated therewith or occasioned thereby. For each such expense, counsel shall indicate when the expense was incurred and in relation to which stage of the survey. Counsel shall also provide a declaration stating whether any reimbursements were sought or received in relation to this survey.

Additionally, the following firms are HERBEY INVITED to supplement their requests with further support for the following claimed costs:

Ball & York
- $12,196.30 in transcripts from Wood Randall for unidentified deponents

Wilcoxen Callaham
- $10,573.38 in unspecified costs from Jay-Allen Eisen Law Group

Myers, Widders, Gibson, Jones & Feingold
- $74,757.28 in unspecified professional services from Morrison & Foerster LLP
- Transcripts for unidentified deponents (over $3,100)
- Travel expenses for unspecified purposes (over $14,000)
- $973.70 in express postage

Wasserman, Comden & Casselman
- $1,000 bond paid to court on August 13, 2010, and whether it has been or will berefunded
- $7,039.55 in travel expenses to attend September 2011 mediation

Martinez, Aguilasocho & Lynch

- The difference between the $21,987.12 in requested costs and the $13,755.66 in billed costs.

All submissions required or invited under this order shall be filed no later than 4:30 p.m. on Tuesday, September 19, 2017.

IT IS SO ORDERED.

Dated:   September 15, 2017      /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE